UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MEHDI AHMED,
a/k/a "Mikey,"

Defendant.

**SUPERSEDING INDICTMENT**

S2 24 Cr. 229 (PKC)

## COUNT ONE
### (Murder-for-Hire Conspiracy Resulting in Personal Injury)

The Grand Jury charges:

1. From at least in or about April 2023 through at least in or about May 2023, in the Southern District of New York and elsewhere, MEHDI AHMED, a/k/a "Mikey," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, which resulted in the personal injury of another person, to wit, AHMED conspired with one or more others to offer money to hired gunmen to kill a specific victim, and the hired gunmen shot at the victim on multiple occasions in the vicinity of Queens and the Bronx, including an instance in which the victim was shot and injured.

(Title 18, United States Code, Section 1958.)

## COUNT TWO
### (Conspiracy to Commit Hobbs Act Extortion)

The Grand Jury further charges:

2. From at least in or about April 2023 through at least in or about May 2023, in the Southern District of New York and elsewhere, MEHDI AHMED, a/k/a "Mikey," the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, AHMED conspired with one or more others to extort drug trafficking proceeds from a victim by threatening to kill the victim and the victim's family if the victim did not relinquish the proceeds.

(Title 18, United States Code, Section 1951.)

## COUNT THREE
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

3. From at least in or about April 2023 through at least in or about May 2023, in the Southern District of New York and elsewhere, MEHDI AHMED, a/k/a "Mikey," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder-for-hire conspiracy resulting in personal injury charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

2

## FORFEITURE ALLEGATION

4. As a result of committing the offenses alleged in Counts One and Two of this Indictment, MEHDI AHMED, a/k/a "Mikey," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

5. As a result of committing the offense alleged in Count Three of this Indictment, MEHDI AHMED, a/k/a "Mikey," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney