UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================

UNITED STATES OF AMERICA,

    -  against -

                                      **<u>NOTICE OF MOTION</u>**

                                      24-cr-665 (LAP)

JARED SOLOMON,

                           Defendant.
========================================

SIRS:

       PLEASE TAKE NOTICE that upon the attached Affirmation of Peter Toumbekis, Esq. affirmed August 4, 2025 and upon the Indictment and other papers docketed herein, the Defendant will move this Court, Judge Loretta A. Preska, U.S.D.J., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, on the 29th day of September, 2025 or as soon thereafter as counsel can be heard, for an order dismissing with prejudice the Indictment against the Defendant, Jared Solomon, pursuant to Federal Rules of Criminal Procedure section 7(c)(1) and the Sixth Amendment of the United States Constitution and the Fifth Amendment of the United States Constitution.

Dated: Brookhaven, New York
       August 4, 2025

                                   _____
                                   Peter Toumbekis, Esq.
                                   Attorney for the Defendant
                                   281 Beaver Dam Road
                                   Brookhaven, NY 11719

TO:    United States Attorney's Office
        AUSA Adam Margulies, by ECF

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................3


**MEMORANDUM OF LAW:**

**Introduction and Summation** ....................................................................5

**Argument 1**: The indictment must be dismissed because it is insufficient and defective pursuant to Federal Rules of Criminal Procedure section 7(c)(1)  and the Sixth Amendment of the United States Constitution and the Fifth Amendment of the United States Constitution

**Argument 2:** The indictment must be dismissed because it is insufficient and defective as it is vague and conclusory…………………………………………………………………………..7


**Argument 3:** The indictment must be dismissed because it is insufficient and defective as it fails to state the material elements of each offense…………………………………………………...11

**Argument 4:** The indictment must be dismissed with prejudice because it violates the defendant's constitutional rights……………………………………………………………………12

**Argument 5:** The indictment must be dismissed because the timeframe is overly broad and is barred by the statute of limitations……………………………………………………..15


**AFFIRMATION OF SERVICE** ............................................................................25

# TABLE OF AUTHORITY

## Case Law

- **Ashcroft v. Iqbal (2009)** – Page 17
- **Bell Atl. Corp. v. Twombly (2007)** – Page 17
- **Cochran v. United States, 157 U.S. 286 (1895)** – Page 8
- **Grunewald v. United States, 353 U.S. 391 (1957)** – Page 21
- **Hamling v. United States, 418 U.S. 87 (1974)** – Pages 9, 16
- **Jones v. United States, 526 U.S. 227 (1999)** – Page 16
- **Neder v. United States, 527 U.S. 1 (1999)** – Page 15
- **Russell v. United States, 369 U.S. 749 (1962)** – Pages 9, 16, 18, 19
- **Sanabria v. United States, 437 U.S. 54 (1978)** – Page 19
- **Stirone v. United States, 361 U.S. 212** – Page 19
- **Toussie v. United States, 397 U.S. 112 (1970)** – Pages 20, 21
- **United States v. Alfonso, 143 F.3d 772 (2d Cir. 1998)** – Page 21
- **United States v. Aleynikov, 676 F.3d 71 (2d Cir. 2012)** – Page 21
- **United States v. Berlin, 472 F.2d 1002 (2d Cir. 1973)** – Page 18
- **United States v. Babb, 218 F.2d 538** – Page 19
- **United States v. Binday, 804 F.3d 558 (2d Cir. 2015)** – Page 20
- **United States v. Chapman, 524 F.3d 1073** – Page 22
- **United States v. Covino, 837 F.2d 65 (2d Cir. 1988)** – Page 15
- **United States v. Critzer, 951 F.2d 306 (11th Cir. 1992)** – Page 10
- **United States v. Crossley, 224 F.3d 847 (6th Cir. 2000)** – Page 22
- **United States v. Cruikshank, 92 U.S. 542 (1875)** – Pages 8, 11
- **United States v. Dierker, 164 F. Supp. 304** – Page 19
- **United States v. Ellender, 947 F.2d 748 (5th Cir. 1991)** – Page 8
- **United States v. Frankel, 721 F.2d 917 (3d Cir. 1983)** – Page 15
- **United States v. Goodwin, 141 F.3d 394 (2d Cir. 1997)** – Page 19
- **United States v. Hand, 497 F.2d 929 (5th Cir. 1974)** – Page 10
- **United States v. Hernandez, 891 F.2d 521 (5th Cir. 1989)** – Page 9
- **United States v. Hitt, 249 F.3d 1010 (D.C. Cir. 2001)** – Page 17
- **United States v. Lattimore, 215 F.2d 847** – Page 19
- **United States v. Lopez, 2 F.3d 1342 (5th Cir. 1993)** – Page 15
- **United States v. Nance, 533 F.2d 699 (D.C. Cir. 1976)** – Page 10
- **United States v. Norris, 281 U.S. 619** – Page 19
- **United States v. Pirro, 212 F.3d 86 (2d Cir. 2000)** – Pages 17, 19, 21
- **United States v. Rigas, 490 F.3d 208 (2d Cir. 2007)** – Page 20
- **United States v. Sampson, 898 F.3d 270 (2d Cir. 2018)** – Page 21
- **United States v. Simmons, 96 U.S. 360 (1877)** – Page 11
- **United States v. Velastegui, 199 F.3d 590 (2d Cir. 1999)** – Page 19
- **United States v. Walsh, 194 F.3d 37 (2d Cir. 1999)** – Pages 18, 19
- **United States v. Wydermyer, 51 F.3d 319 (2d Cir. 1995)** – Page 18
- **United States v. Yashar, 166 F.3d 873 (7th Cir. 1999)** – Pages 20, 22

**Statutes**

- **18 U.S.C. § 2** – Pages 6, 15
- **18 U.S.C. § 1028A(a)(1), (b)** – Pages 6, 15
- **18 U.S.C. § 1343** – Pages 6, 15, 20
- **18 U.S.C. § 3282** – Pages 20, 21
- **18 U.S.C. § 3293** – Page 20
- **Federal Rules of Criminal Procedure 7(c)(1)** – Pages 5, 8, 21
- **U.S. Const. amend. V (Fifth Amendment)** – Pages 5, 8, 10, 16
- **U.S. Const. amend. VI (Sixth Amendment)** – Pages 5, 8, 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

UNITED STATES OF AMERICA,

    -  against -

JARED SOLOMON,

                               Defendant.
==========================================

**MEMORANDUM OF LAW**

24-cr-665 (LAP)

       I, Peter Toumbekis, Esq., an attorney-at-law, duly admitted to the practice of law in the State of New York and the United States District Court for the Eastern District of New York, hereby affirm the following under the penalty of perjury:

1.      I am personally and fully familiar with all the facts and circumstances of the above captioned matter from my communications with the Defendant, my communications with the United States Attorney's office, my review of discovery documents and materials provided by the Government, as well as my review of the Criminal Docket Sheet and all the documents and materials previously filed with this Honorable Court.

## INTRODUCTION AND SUMMATION

2.      On December 4, 2024 the indictment in the instant case was unsealed.

3.      On December 4, 2024, the Defendant Jared Solomon was arrested and appeared for his arraignment before your Honorable Court in the Southern District of New York.

4.      On December 4, 2024, the Defendant and his counsel received a copy of the indictment. Docket entry #1.

5.      The indictment contained two counts, to wit: Count One (Wire Fraud) pursuant to Title 18, United States Code, Sections 1343 and 2; and Count Two (Aggravated Identity Theft) pursuant to Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.

6.      The Indictment also included a "Forfeiture Allegation" and "Substitute Assets Provision."

7.      Count One (Wire Fraud) of the indictment states:

The Grand Jury charges:

1. From at least in or about 2009 through at least in or about 2023, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, and did aid and abet the same, to wit, SOLOMON engaged in a scheme to make false statements to Victim Company-I , in order to fraudulently obtain money, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme, and aided and abetted the same.

(Title 18, United States Code, Sections 1343 and 2.)

8.      Count Two (Aggravated Identity Theft) of the indictment states:

The Grand Jury further charges:

2. From at least in or about 2015 through at least in or about 2023, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A( c ), and did aid and abet the same, to wit, SOLOMON used and transferred the names and signatures of other

6

persons during and in relation to the wire fraud violation charged in
Count One of this Indictment, and aided and abetted the same.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

9.    The indictment fails to allege any factual allegations to support the two criminal

charges in violation of Federal Rules of Criminal Procedure section 7(c)(1) and

the Sixth Amendment of the United States Constitution and the Fifth Amendment

of the United States Constitution, and improperly alleges an expansive range of

time which is barred by the statute of limitations, to wit, "From at least in or about

2009 through at least in or about 2023" for Count One and "From at least in or

about 2015 through at least in or about 2023" for Count Two again without any

factual allegations to support same.


### Argument 1:
### THE INDICTMENT MUST BE DISMISSED
### BECAUSE IT IS INSUFFICIENT AND DEFECTIVE
### PURSUANT TO
### FEDERAL RULES OF CRIMINAL PROCEDURE SECTION 7(C)(1)
### AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION
### AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

10.    Federal Rule of Criminal Procedure 7(c)(1) states in relevant part:  "The

indictment or the information must be a plain, concise, and definite written

statement of the essential facts constituting the offense charged…"

11.    An indictment need only allege the essential facts, that is the facts and elements of

the alleged offense necessary to inform the accused of the charge so that the

defendant may prepare a defense and invoke the Double Jeopardy Clause when

appropriate. The true test of an indictment is not whether it might possibly be

made more certain but whether it contains: [E]very element of the offense

intended to be charged, and sufficiently apprises the defendant of what he must be

prepared to meet, and, in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. See *United States v. Ellender*, 947 F.2d 748, 755-56 (5th Cir. 1991); See *Cochran v. United States*, 157 U.S. 286, 290 (1895).

12.    The Sixth Amendment mandates that "in all criminal prosecutions, the accused shall... be informed of the nature and cause of the accusation." U.S. Const. amend. VI.  The Indictment hereunder fails to meet this requirement. It contains no factual allegations from which defendant or the Court could possibly discern the precise conduct charged. This leaves Defendant unable to prepare a defense or assert a claim of double jeopardy in any future proceedings, in direct violation of his constitutional rights. See United States v. Cruikshank, 92 U.S. 542, 558 (1875) where the Supreme Court held:

> The indictment must set forth the offence with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged, and every ingredient of which the offence is composed must be accurately and clearly alleged. It is an elementary principle of criminal pleading that, where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition, but it must state the species -- it must descend to particulars. The object of the indictment is first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances.

13.    The instant indictment fails to provide the "clearness and all necessary certainty, to apprise the accused…" because it wholly fails to include any factual allegations. Furthermore, the instant indictment merely recites the statutes and charges the offense "in the same generic terms as in the definition" but fails to "state the species" as aptly stated in United States v. Cruikshank, supra

14.    Moreover, the indictment and information must contain sufficient detail to adequately apprise the defendant of the nature of the charges against him. The drafter must afford the defendant not only a document that contains all of the elements of the offense, whether or not such elements appear in the statute, but one that is sufficiently descriptive to permit the defendant to prepare a defense, and to invoke the double jeopardy provision of the Fifth Amendment, if appropriate. *Hamling v. United States*, 418 U.S. 87, 117, *reh'd denied*, 419 U.S. 885 (1974); *Russell v. United States*, 369 U.S. 749, 763-72 (1962); *United States v. Hernandez*, 891 F.2d 521, 525 (5th Cir. 1989), *cert. denied*, 495 U.S. 909 (1990).

15.    In reviewing the sufficiency of an indictment, the courts will construe the document as a whole to ascertain whether the foregoing requirements have been met. *United States v. Hand*, 497 F.2d 929, 934-35 (5th Cir. 1974), *cert. denied*, 424 U.S. 953 (1976); Moore's Federal Practice, Section 7.04 (1982).

16.    Courts consider only the indictment itself to determine whether or not the indictment is sufficient. *United States v. Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992) (per curiam). In analyzing a motion to dismiss the indictment for

insufficiency, a court should look only at face of indictment, not facts government expects to prove.

17.   Factual allegations are required in the indictment, rather than a mere recitation of the acts or practices proscribed by the offense allegedly committed. See *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976). **An indictment that is so vague and indefinite that it fails to give a person of ordinary intelligence fair notice of the charge, or invites arbitrary enforcement, is unconstitutional under the "void for vagueness" doctrine.**

18.   Here, the indictment provides no detail whatsoever—no specific dates, acts, victims, misrepresentations, or transmissions. The lack of meaningful factual allegations renders the indictment impermissibly vague and invites arbitrary or discriminatory enforcement. As such, it violates the Due Process Clause of the Fifth Amendment and must be dismissed.

19.   A criminal defendant is entitled to an indictment that states the essential elements of the charge against him. See Jones v. United States, 526 U.S. 227, 232 (1999); Hamling v. United States, 418 U.S. 87, 117 (1974) (" [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."); Fed. R. Crim. P. 7(c). An indictment that fails to allege the essential elements of the crime charged offends both the Fifth and Sixth Amendments. See Russell v. United States, 369 U.S. 749, 760-61 (1962).

20.   The instant indictment fails to state any factual allegations and merely recites the

language proscribed by the statutes cited in Counts One and Two against the

Defendant – The language in the instant indictment is plainly insufficient on its

face and thus is fatally defective.

21.    Notably, Count Two in the indictment fails when Count One fails.

**Argument 2:**
**THE INDICTMENT MUST BE DISMISSED**
**BECAUSE IT IS INSUFFICIENT AND DEFECTIVE**
**AS IT IS VAGUE AND CONCLUSORY**

22.    Since the indictment fails to provide any statement of facts or factual allegations

the indictment is conclusory and lacks essential elements, and deprives the

Defendant of his ability to prepare a defense.

23.    The instant indictment, at best, merely recites the language of the relevant statutes

in Count One and Count Two contained in the indictment without any further

information or factual allegations.

24.    Notably. an indictment not framed to apprise the defendant "with reasonable

certainty, of the nature of the accusation against him . . . is defective, although it

may follow the language of the statute." *United States v. Simmons,* 96 U.S. 360,

362.

25.    It is well-established and long-standing case law, see *United States v. Cruikshank,*

*92 U.S. 542* (1875) when the Supreme Court held:

The indictment must set forth the offence with clearness and all necessary
certainty, to apprise the accused of the crime with which he stands charged,
and every ingredient of which the offence is composed must be accurately
and clearly alleged. It is an elementary principle of criminal pleading that,
where the definition of an offence, whether it be at common law or by
statute, includes generic terms, it is not sufficient that the indictment shall
charge the offence in the same generic terms as in the definition, but it must
state the species -- it must descend to particulars. The object of the

indictment is first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances.

26.     The instant indictment fails to provide the "clearness and all necessary certainty, to apprise the accused…" because it wholly fails to include any factual allegations.

27.     Furthermore, the instant indictment merely recites the statutes and charges the offense "in the same generic terms as in the definition" but fails to "state the species" as aptly stated in *United States v. Cruikshank, supra.*

28.     It is noteworthy that the Department of Justice's own policies – binding and/or guiding on federal prosecutors – requires that an indictment satisfies clear legal and factual sufficiency standards. (*U.S. Department of Justice Criminal Resource Manual section 221. Sufficiency* [https://www.justice.gov/archives/jm/criminal-resource-manual-221-sufficiency])

29.     The instant indictment must be dismissed because it merely contains vague and conclusory statements.

**Argument 3:**
**THE INDICTMENT MUST BE DISMISSED**
**BECAUSE IT IS INSUFFICIENT AND DEFECTIVE**
**AS IT IS FAILS TO STATE THE MATERIAL ELEMENTS OF EACH OFFENSE.**

30.     Courts will find an indictment insufficient when it fails to state a material element of the offense. See *United States v. Lopez*, 2 F.3d 1342, 1368 (5th Cir.

1993), *aff'd*, 115 S.Ct. 1624 (1995)(indictment charging possession of firearm in school zone insufficient because of failure to allege commerce nexus where such connection is necessary element of defense); *United States v. Covino*, 837 F.2d 65, 71 (2d Cir. 1988)(indictment charging wire fraud insufficient because it failed to allege essential element of offense that defendant defrauded employer of money or property); *United States v. Frankel*, 721 F.2d 917, 917-19 (3d Cir. 1983)(indictment charging false statement insufficient because presentation of worthless check did not constitute false statement).

31.     Materiality is an element of a "scheme or artifice to defraud" under the federal mail fraud, wire fraud, and bank fraud statutes. *Neder v. United States*, 527 U.S. 1 (1999).

32.     Count One (Wire Fraud) of the indictment requires the government to show: (a) A scheme to defraud using false pretenses; (b) Intent to defraud; (c) Use of interstate wire communications; and (d) Causation between the wire communication and the execution of the scheme – none of these elements have been factually alleged or supported in the instant Indictment.

33.     Count Two (Aggravated Identity Theft) of the indictment requires that the government show: (a) Knowingly used, transferred, or possessed a real person's means of identification; (b) Without lawful authority; and (c) During and in relation to a qualifying federal felony - none of these elements have been factually alleged or supported in the instant Indictment.

34.     An indictment must allege every element of the crime charged and must sufficiently apprise the defendant of what he must be prepared to meet.

35.    In the instant indictment, there are no factual allegations, let alone any allegations of any fraud "in furtherance" of a scheme under 18 U.S.C. section 1343.

36.    Furthermore, the instant indictment fails to state any factual allegations to support the material elements of Count Two (Aggravated Identity Theft).

37.    The instant indictment fails to allege the material elements of each of the two counts because the indictment fails to recite any essential facts constituting the offenses charged.

38.    The Indictment fails to allege any of these essential elements with factual particularity. It contains no reference to a material falsehood or omission, no plausible facts establishing fraudulent intent, and no use of wires "in furtherance" of any fraud. It simply asserts that Defendant "engaged in a scheme to defraud", a legal conclusion devoid of factual support, which is categorically insufficient.

39.    The Supreme Court has made clear that "an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962). Rather, the indictment must "descend to particulars" and allege specific facts to inform the defendant of the nature of the charge and to allow preparation of a defense.

40.    This principle was reaffirmed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which held that mere legal conclusions "must be supported by factual allegations" to satisfy federal pleading standards. Although Iqbal and Twombly were civil cases, the Second Circuit has expressly applied them in the criminal context.

41.    Here, the Indictment's use of "scheme to defraud" is a textbook example of a

legal label masquerading as fact.  Precisely what Russell prohibits. As in *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000), the indictment fails "to allege what was omitted, when, and why it was false or misleading." The Second Circuit reversed in Pirro because the indictment lacked sufficient particularity, just as it must dismiss here.

42.    Because the Indictment fails to plead a crime, fails to allege required elements, and omits any factual basis, it is void ab initio and must be dismissed with prejudice. No superseding indictment can cure its core failure. See *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) ("a superseding indictment that alleges new facts would impermissibly broaden the charges").  This case must be dismissed for lack of law. The Indictment fails every constitutional and statutory requirement for a valid federal prosecution. It is, in every respect, legally null.

**Argument 4:**
**THE INDICTMENT MUST BE DISMISSED WITH PREJUDICE**
**BECAUSE IT VIOLATES THE DEFENDANT'S CONSTITUTIONAL RIGHTS.**

43.    The Fifth Amendment guarantees that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."

44.    The Sixth Amendment guaranty of the defendant's right "to be informed of the nature and cause of the accusation" against him is also offended by an indictment that does not state the essential elements of the crime. Russell, 369 U.S. at 761; see also Walsh, 194 F.3d at 44.

45.    If the indictment does not state the essential elements of the crime, the defendant cannot be assured that he is being tried on the evidence presented to the grand

jury, see Russell, 369 U.S. at 770; United States v. Walsh, 194 F.3d 37, 44 (2d

Cir. 1999), or that the grand jury acted properly in indicting him. See Russell, 369

U.S. at 768-69 (An important corollary purpose of requirement that indictment

state elements of offense is to allow court to evaluate whether facts alleged could

support conviction.) See generally United States v. Wydermyer, 51 F.3d 319, 324

(2d Cir. 1995) (pleading requirement at common law was "security against the

arbitrary multiplication of offenses"); 2 Wayne R. LaFave and Jerold H. Israel,

Criminal Procedure § 19.2 at 436, 448-49 (1984) (" [T]he requirement that the

offense be stated . . . specifying in detail each element of the crime, was seen as

providing assurance both that the grand jury understood what was necessary to

establish an offense and that the courts did not engage in unanticipated extensions

of the substance of the offense."). "The Indictment Clause of the Fifth

Amendment requires that an indictment contain some amount of factual

particularity to ensure that the prosecution will not fill in elements of its case with

facts other than those considered by the grand jury." Walsh, 194 F.2d at 44

(internal quotations omitted).

46.    The Supreme Court state in *Russell*:

> To allow the prosecutor, or the court, to make a subsequent guess as to what
> was in the minds of the grand jury at the time they returned the indictment
> would deprive the defendant of a basic protection which the guaranty of the
> intervention of a grand jury was designed to secure. For a defendant could
> then be convicted on the basis of facts not found by, and perhaps not even
> presented to, the grand jury which indicted him.

47.    In *United State v. Pirro*, 212 F.3d 86 (2d. Cir. 2000), the Court held "Because the

requirement of a sufficient indictment serves these important purposes, the

indictment must be considered as it was actually drawn, not as it might have been drawn. See Sanabria v. United States, 437 U.S. 54, 65-66 (1978) ("The precise manner in which an indictment is drawn cannot be ignored . . . ."). The sufficiency of the indictment is a matter of law that is reviewed de novo. See United States v. Velastegui, 199 F.3d 590, 593 (2d Cir. 1999). The timing of the defendant's objection is important to the level of scrutiny employed; a defendant who objects to the indictment before trial, as Pirro has done, is entitled to a more exacting review of the indictment than one who waits until after trial to object. See United States v. Goodwin, 141 F.3d 394, 401 (2d Cir. 1997)."

48.    In *United States v. Berlin*, 472 F.2d 1002, 1006 (2d Cir. 1973) the government actually omitted a requisite element of the charged offense from the indictment presented to the grand jury.

49.    Similarly, the government's failure to state any facts in the instant indictment woefully causes the indictment to fail.

50.    Moreover, it fails to give the Defendant adequate notice of the charges against him and deprive the Defendant of a full and fair opportunity to defend himself against the charges, which potentially leads to an unfair trial.

51.    Notably, it is a settled rule that a bill of particulars cannot save an invalid indictment. *See United States v. Norris,* 281 U.S. 619, 281 U.S. 622; *United States v. Lattimore,* 94 U.S.App.D.C. 268, 215 F.2d 847; *Babb v. United States,* 218 F.2d 538; *Steiner v. United States,* 229 F.2d 745; *United States v. Dierker,* 164 F. Supp. 304; 4 Anderson, Wharton's Criminal Law and Procedure, § 1870.

52.    It is also settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury unless the change is merely a matter of form. *Ex parte Bain,* 121 U.S. 1; *United States v. Norris*, 281 U.S. 619; *Stirone v. United States,* 361 U.S. 212.

53.    Moreover, A non-specific indictment renders future double jeopardy protections meaningless because the lack of factual detail prevents the defendant from later asserting that a subsequent charge relates to the same conduct.

54.    In *Russell* the Court held that "Where guilt depends so crucially upon a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."

55.    The instant indictment merely recites statutory language in generic, boilerplate terms. This violates the standards articulated in *Pirro* and *Russell*, both of which compel dismissal where an indictment lacks sufficient detail to establish the elements of the crime and fails to provide fair notice to the Defendant.

56.    Accordingly, the instant indictment should be dismissed with prejudice.


**Argument 5:**
**THE INDICTMENT MUST BE DISMISSED**
**BECAUSE THE TIMEFRAME IS OVERLY BROAD**
**AND IS BARRED BY THE STATUTE OF LIMITATIONS.**

57.    In the instant indictment Count One (Wire Fraud) states in pertinent part that the timeframe alleged occurs "From at least in or about 2009 through at least in or about 2023" which is a fifteen year period.

58.    In the instant indictment Count Two (Aggravate Identity Theft) states in pertinent

part that the timeframe alleged occurs "From at least in or about 2015 through at least in or about 2023" which is a nine year period.

59.     Generally, Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment to provide "a plain, concise and definite written statement of the essential facts constituting the offense charged."

60.     In the instant indictment the expansive time alleged, related to each of the two Counts contained in the indictment, lacks sufficient specificity, and is beyond the statute of limitations.

61.     The statute of limitations for mail fraud and wire fraud prosecutions is five years (18 U.S.C. § 3282), except for mail and wire fraud schemes that affect a financial institution, in which case the statute is ten years (18 U.S.C. § 3293).

62.     The instant indictment alleges a period of time for Count One (Wire Fraud) which is fifteen years and thus improper.

63.     Section 3282 of Title 18, United States Code, is the statute of general application. It states that, "(e)xcept as otherwise expressly provided by law," a prosecution for a non-capital offense shall be instituted within five years after the offense was committed.

64.     The statute of limitations for federal identity theft is generally five years.

65.     The instant indictment alleges a period of time for Count Two (Aggravated Identity Theft) which is nine years and thus improper.

66.     The overly broad time frames stated in the instant indictment are prejudicial to the Defendant in that it impairs the Defendant's ability to prepare a defense and harms the Defendant's ability to prepare a defense.

67.    Under 18 U.S.C. § 3282(a), the government must bring any non-capital offense within five years of its commission.

68.    Wire fraud under 18 U.S.C. § 1343 is not a continuing offense. See *Toussie v. United States*, 397 U.S. 112, 115 (1970); *United States v. Yashar*, 166 F.3d 873, 875–77 (7th Cir. 1999).

69.    The Indictment in this case is facially defective and must be dismissed because it fails to allege the commission of any wire transmission in furtherance of the alleged fraudulent scheme. Use of the wires is not a mere technicality; it is a required and essential element of wire fraud under 18 U.S.C. § 1343. To validly charge wire fraud, the government must allege that the defendant: (i) engaged in a scheme to defraud, (ii) had money or property as the object of the scheme, and (iii) used or caused the use of interstate wire communications in furtherance of the scheme. See *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015); *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) ("The use of the mails or wires in furtherance of the scheme is an essential element of the offense.").

70.    The Indictment does not allege the occurrence of any wire transmission—interstate or otherwise. It contains no reference to the time, content, medium, sender, or recipient of any communication. Instead, it merely recites statutory phrases such as "devised a scheme to defraud" and "used interstate wire communications," without providing even a single underlying fact. Such boilerplate language fails to meet the minimum pleading standards required by the Federal Rules of Criminal Procedure.

71.    Under Rule 7(c)(1), an indictment must contain "a plain, concise, and definite

written statement of the essential facts constituting the offense charged." An indictment that omits an essential element of the offense is insufficient as a matter of law. See *United States v. Aleynikov*, 676 F.3d 71, 75–76 (2d Cir. 2012). As the Second Circuit held in *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000), merely parroting statutory language without factual detail fails to satisfy constitutional notice requirements.

72. Moreover, a motion to dismiss for failure to state an offense is appropriately resolved based on the face of the indictment and any judicially noticeable facts. See *United States v. Sampson*, 898 F.3d 270, 279 (2d Cir. 2018); *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

73. Because the Indictment fails to allege a single actionable wire transmission, it fails to state an offense under 18 U.S.C. § 1343. Accordingly, dismissal is required under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and Rule 7(c)(1).

74. Wire fraud is complete when the wire transmission is made in furtherance of the scheme - not when any broader scheme ends. See *Yashar*, 166 F.3d at 879. Therefore, each wire transmission is a discrete offense with its own limitations period.

75. In this case, no specific transmission is pled at all, and certainly not one within five years of the indictment. The use of vague "scheme" language cannot toll or extend the limitations clock. Because no in-furtherance wire transmission is alleged, the statute of limitations bars prosecution.

76. To toll the statute of limitations under conspiracy doctrine, the government must

allege a valid conspiracy and an overt act committed in furtherance of that

conspiracy within the limitations period. See *Grunewald v. United States*, 353

U.S. 391, 396–97 (1957).

77.     Here, the indictment contains no conspiracy charge and alleges no overt act. The

government cannot use the theory of a continuing scheme to toll the statute of

limitations, because wire fraud is not a continuing offense, and no conduct is pled

that would extend the clock.

78.     Wire Fraud Is Not a Continuing Offense.  The Supreme Court in *Toussie*

expressly held that continuing offenses are the exception, not the rule. Unless a

statute explicitly contemplates continuing conduct, the statute of limitations

begins to run when the crime is complete. *Toussie*, 397 U.S. at 115.

79.     This renders the indictment void on statute of limitations grounds and mandates

dismissal.

80.     The indictment is "dead on arrival" because it fails to allege any timely act within

the five-year limitations window – it actually fails to allege any act, at any time,

with any specificity. There is no alleged wire transmission, no overt act, and no

conspiracy to toll. Because the statute of limitations is jurisdictional in nature, and

because it is not merely a pleading error but a fatal legal defect, dismissal must be

with prejudice.

81.     Furthermore, based upon a review of the four corners of the instant indictment,

the statute of limitations may likely bar all or some of the government's case;

however, since the government fails to alleged any facts in the instant indictment,

the Defendant can not make any specific argument and this Honorable Court

should dismiss the instant indictment because the instant indictment is insufficient in this regard also.

82.     A facially defective indictment that omits essential elements and fails to allege sufficient facts cannot be cured post hoc through evidence at trial or a superseding indictment—especially where, as here, the statute of limitations has run. See *United States v. Crossley*, 224 F.3d 847, 858 (6th Cir. 2000); *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999).

83.     Dismissal with prejudice is also warranted where the constitutional defects described above—lack of notice, denial of due process, impairment of the grand jury function—are structural and irreparable. See *U.S. v. Chapman*, 524 F.3d 1073.

84.     The indictment in this case is a clear example of an unconstitutional, facially insufficient pleading. It fails in every way—legally, constitutionally, and factually. It does not state an offense, deprives the defendant of due process and fair notice, undermines double jeopardy protections, and reflects a relinquishment of the grand jury's constitutional role.

85.     The government had every opportunity to investigate, prepare, and plead this case properly. The government made a deliberate choice to proceed hastily and without care and thus failed.

86.     Accordingly, dismissal with prejudice is not only appropriate, but it is constitutionally required.

Wherefore, I respectfully request that this Honorable Court grant the instant motion and dismiss with prejudice the Indictment against the Defendant, order the immediate release of all

pretrial restraints (travel restrictions, property liens and any other encumbrances places on the

defendant or his property), along with such other and further relief as may be just and proper.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2025

            _____

            Peter Toumbekis, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================

UNITED STATES OF AMERICA,

    -  against -

JARED SOLOMON,

                         Defendant.
========================================

**<u>AFFIRMATION OF SERVICE</u>**

24-cr-665 (LAP)

       I, Peter Toumbekis, Esq., declare under penalty of perjury that I have served a copy of the attached Notice of Motion and Memorandum of Law and Exhibits upon AUSA Adam Margulies at the United States Attorney's Office through the Electronic Document Filing System (CM/ECF).

Dated: Brookhaven, New York
       August 4, 2025

                                                  _____
                                                  Peter Toumbekis, Esq.
                                                  Attorney for the Defendant
                                                  281 Beaver Dam Road
                                                  Brookhaven, NY 11719