UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================
UNITED STATES OF AMERICA,

    - against -

JARED SOLOMON,

                            Defendant.
==============================================

**REPLY**
**BY DEFENDANT**

24-cr-665 (LAP)

# REPLY BY DEFENDANT
# TO GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
# TO THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Peter Toumbekis, Esq.
Attorney for the Defendant
281 Beaver Dam Road
Brookhaven, NY 11719

TO:    United States Attorney's Office
          AUSA Adam Margulies, by ECF

1

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................4

**ARGUMENT**.........................................................................................................................4

    I.    **The Indictment is time-barred under 18 U.S.C. sec. 3282** .................................4

    II.    **The Indictment fails to plead essential elements**..................................................6

    III.    **The Government cannot cure deficiencies through their opposition papers** ...8

    IV.    **Forfeiture allegations do not substitute for facts** ...............................................10

    V.    **Dismissal with prejudice is warranted and required**.........................................11

**CONCLUSION** .................................................................................................................11

# TABLE OF AUTHORITIES

## Cases

- **Bank of Nova Scotia v. United States**, 487 U.S. 250 (1988) ................................. p.3
- **Boyce Motor Lines, Inc. v. United States**, 342 U.S. 337 (1952) ........................... p.5
- **Libretti v. United States**, 516 U.S. 29 (1995) ......................................................... p.5
- **Neder v. United States**, 527 U.S. 1 (1999) ............................................................. p.3
- **Russell v. United States**, 369 U.S. 749 (1962) ....................................................... pp.1–4
- **Toussie v. United States**, 397 U.S. 112 (1970) ...................................................... p.2
- **United States v. Grimm**, 738 F.3d 498 (2d Cir. 2013) ........................................... p.2
- **United States v. Oppenheimer**, 242 U.S. 85 (1916) .............................................. p.6
- **United States v. Pirro**, 212 F.3d 86 (2d Cir. 2000) ................................................. pp.3–4
- **United States v. Smith**, 985 F. Supp. 2d 547 (S.D.N.Y. 2014) .............................. p.4
- **United States v. Stavroulakis**, 952 F.2d 686 (2d Cir. 1992) ................................. p.3
- **United States v. Walsh**, 194 F.3d 37 (2d Cir. 1999) ............................................... pp.2–4
- **United States v. Yannotti**, 541 F.3d 112 (2d Cir. 2008) ........................................ p.5

## Statutes & Rules

- **18 U.S.C. § 3282** ..................................................................................................... pp.1–2
- **18 U.S.C. § 3293** ..................................................................................................... p.2
- **Fed. R. Crim. P. 7(c)(1)** ......................................................................................... p10
- **Fed. R. Crim. P. 12(b)** ............................................................................................ p.5
- **Fed. R. Crim. P. 32.2(a)** ......................................................................................... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================

UNITED STATES OF AMERICA,

- against -

JARED SOLOMON,

                     Defendant.
==============================================

**REPLY MEMORANDUM OF LAW**

24-cr-665 (LAP)

**INTRODUCTION**

1. The Defendant respectfully submits this Reply Memorandum of Law in further support of the Defendant's Motion to Dismiss the Indictment with prejudice. The Government's opposition fails to cure the indictment's fundamental and structural defects. Instead, it confirms that the indictment is (1) time-barred, (2) devoid of essential elements, (3) constitutionally inadequate under the Fifth and Sixth Amendments, and (4) improperly propped up by forfeiture allegations and post-hoc briefing.

2. The law is clear - an indictment must stand or fall on its four corners. *Russell v. United States*, 369 U.S. 749, 770 (1962). This one falls.

**ARGUMENT**

### I. The Indictment is time-barred under 18 U.S.C. sec. 3282

3. The instant Indictment is facially void. It charges a 15+ year span of "wire fraud" from "at least 2009 through at least 2023." By law, wire fraud carries a five-year statute of limitations (ten if a financial institution is affected). No exception applies. The Government's attempt to repackage wire fraud as a "continuing offense" defies the Supreme Court, the Second Circuit, the DOJ's own Manual, and common sense.

4

4. The Government's drafting of a count spanning 15+ years, when it knows the statute bars all but the last five, is not a mere pleading defect - It misled the grand jurors into believing they could lawfully charge allegations dating back to approximately 2009, when Congress has expressly forbidden it. Such misuse of the grand jury violates the separation of powers, due process, and the integrity of Fed. R. Crim. P. 7.

5. Count One is fatally defective on its face. The Indictment purports to charge a 15+ year span of alleged conduct, but it pleads no specific wire transmission at all - let alone one within the statute of limitations. Under 18 U.S.C. § 3282(a), a fraud count is time-barred unless at least one wire is alleged within the five-year limitations period (or ten years under § 3293 if a financial institution is affected). By omitting any such transmission, the Government has failed to plead an essential element of the offense, rendering Count One untimely and incurable. See *Russell v. United States*, 369 U.S. 749, 763–64 (1962) (an indictment must allege the "core of criminality" and the facts constituting the offense, not leave them to later proof); *United States v. Walsh*, 194 F.3d 37, 44–45 (2d Cir. 1999) (indictment for wire fraud requires that "at least one use of the wires be alleged with sufficient particularity to establish that it was in furtherance of the scheme and within the statute of limitations").

6. The Supreme Court has emphasized that statutes of limitations are a "legislative guarantee that a man shall be free from prosecution if not found guilty within the period prescribed." *Toussie v. United States*, 397 U.S. 112, 115 (1970). In *Toussie*, the Court held an offense may be deemed "continuing" only if Congress expressly so provides or if the nature of the crime compels that conclusion. Neither condition applies to wire fraud. The Supreme Court in *Toussie* held that an offense may be deemed "continuing"

5

only where (1) the statute expressly so provides, or (2) the nature of the offense compels that conclusion. Id. at 115. Neither condition is met here.

7. Indeed, the Second Circuit has explicitly rejected any "continuing offense" theory of wire fraud. *United States v. Grimm*, 738 F.3d 498, 502 (2d Cir. 2013). Each use of the wires is a separate act, and the statute of limitations runs from that act. Thus, the Government's reliance on a 15-year narrative is legally void.

## II. The Indictment fails to plead essential elements

8. Equally fatal, the indictment fails to allege essential elements or facts constituting the offense charged. It does not state the time of the alleged crime, does not identify a single transmission by wire, does not identify a single misrepresentation, does not identify any property allegedly obtained, and does not identify any timely act within the limitations period – This violates Rule 7(c)(1), which requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Moreover, Count One charges a time-barred and legally impossible offense which must be dismissed with prejudice.

9. The Supreme Court requires the grand jury—not prosecutors or courts—to supply those facts. *Russell v. United States*, 369 U.S. at 770. A vague span of "2009–2023" leaves the defendant unable to know what conduct is actually charged, violating due process and the Sixth Amendment. See *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000).

10. The Fifth Amendment requires those facts be found by the grand jury, not supplied later by the prosecution. In *Russell v. United States*, 369 U.S. 749, 770 (1962), the Court explained that an indictment must stand or fall on the record returned by the grand jury itself: "To allow the prosecutor, or the court, to make a subsequent guess as

6

to what was in the minds of the grand jury … would deprive the defendant of a basic protection." In *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256 (1988), the Supreme Court held that when a tainted presentation to the grand jury "substantially influenced the grand jury's decision to indict" then dismissal with prejudice is warranted.

11. Due process requires that a defendant have fair notice of the charges and a meaningful opportunity to defend. Alleging a vague span "2009–2023," with no identified timely act, leaves the defendant unable to know what conduct is charged within the statute of limitations. This violates the Sixth Amendment's Notice Clause and the due process principles articulated in *United States v. Pirro*, 212 F.3d 86, 92–93 (2d Cir. 2000).

12. The Second Circuit has repeatedly held that indictments must set forth the "core of criminality" the Government intends to prove. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992); *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999). Here, no such core is pled. The Supreme Court has made clear that materiality is not a gloss or inference, but a core element of the federal mail, wire, and bank fraud statutes. In *Neder v. United States*, the Court held that "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." 527 U.S. 1, 25 (1999). This holding has been binding law for over twenty-five years. The omission of materiality from the indictment is not a trivial drafting error; it is a constitutional defect that cannot be cured by inference, bill of particulars, or later proof.

### III. The Government cannot cure deficiencies through their opposition papers

13. The Government's opposition memorandum relies heavily on a "Factual Background" that appears nowhere in the indictment, and even references ex parte filings. This attempt to retroactively cure is unconstitutional. Notably, none of those assertions appear in the indictment.

14. Furthermore, even though the Government has not filed or served a Bill of Particulars, in *Russell v. United States*, 369 U.S. 749, 770 (1962) the Court held that "It is a settled rule that a bill of particulars cannot save an invalid indictment. The indictment must stand or on its own." *United States v. Pirro*, 212 F.3d 86, 92–93 (2d Cir. 2000) Prosecutors may not cure a fact-free indictment through later particulars, including, but not limited to allegations in their opposition papers.

15. Permitting the Government to substitute briefing for indictment would nullify Rule 7(c)(1), vitiate the Fifth Amendment's grand jury guarantee, and deprive the defendant of Sixth Amendment notice. This Court should disregard the Government's narrative gloss and evaluate the indictment on its face.

16. Simply put, the facts alleged by the Government in their opposition papers must have and should have been plead in the accusatory instrument of the Indictment. In other words, the Government cannot cure a fatally defective indictment through briefing; the narrative it now advances in its opposition papers should have, and must have, been properly pleaded in the charging instrument of the Indictment, however, none were.

17. In *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) the Court held that "The indictment must be judged on its face."; and in *United States v. Smith*, 985 F. Supp. 2d

547, 588 (S.D.N.Y. 2014) (Kaplan, J.) the Court held that each use of the wires is a distinct act; vague scheme allegations are insufficient.

18. The Government's opposition reads more like a closing argument built from discovery and ex parte filings which the grand jury never voted on. However, indictment sufficiency is confined to its four corners. *Russell*, 369 U.S. at 770. On its face, Count One alleges no timely transmission, no identified misrepresentation, no identified property, and open-ended dates. That is not a criminal charge; it is a nullity.

19. The Government admits in its opposition that the Indictment contains no factual particulars, when they state: "In addition, some documents provided in discovery, such as the government's *ex parte* application for a certain order  - not to mention the factual background in this opposition - provides defendant with a detailed summary of the wire fraud and identity theft crimes alleged in the Indictment." (page 19 of 27, ECF Document 37). This admission is fatal. By conceding that the Indictment contains no factual particulars, the Government acknowledges that it failed to allege the essential facts of the offense—an incurable constitutional defect requiring dismissal with prejudice.

20. The Government's reliance on *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008), is misplaced. *Yannotti* reaffirmed *Russell*: parroting statutory language is inadequate where the statute is couched in general terms. In such circumstances, the indictment must "descend to particulars" and allege essential facts. Id.

21. The indictment must still set forth essential facts sufficient to inform the defendant of what he must meet and to enable a plea of double jeopardy. *Yannotti,* 541 F.3d at 127.

22. The Government's reliance on *Boyce Motor Lines, Inc. v. United States, 342 U.S. 337 (1952)* is misplaced because *Boyce* addressed Fed. R. Crim. P. 12(b) which does not address the insufficiencies of the instant indictment as detailed above and in the Defendant's Motion to Dismiss pursuant to Fed. R. Crim. P. 7(c) and the respective constitutional grounds.

### IV. Forfeiture allegations do not substitute for facts

23. The Government argues that "detailed forfeiture allegations" cure deficiencies in Counts One and Two. That is flatly wrong. Fed. R. Crim. P. 32.2(a) makes clear forfeiture language is procedural, not substantive.

24. The Government states in its opposition papers that "The detailed forfeiture allegations in this case,…combined with the allegations in Counts One and Two of the Indictment, are more than sufficient to satisfy the requirements of rule 7(c)." (page 18 of 27, ECF Document 37)– This is wholly unsupported by any statute or case law.

25. Notably, the forfeiture language of an indictment is a separate component of the indictment from the criminal charges and serves to provide a defendant with notice that the Government intends to seize the defendant's property if s/he is convicted. This is distinct from the criminal charges, which must contain the "essential facts constituting the offense charges."

26. As the Supreme Court held in *Libretti v. United States*, 516 U.S. 29, 38–39 (1995), forfeiture is an "aspect of punishment," not an element of the offense. It cannot substitute for missing elements or facts of the crime charged.

### V. Dismissal with prejudice is warranted and required

27. The indictment is not merely defective; it is unconstitutional. An indictment that charges stale conduct, omits essential elements, and forces the defendant to guess at the "core of criminality" cannot stand under the Fifth and Sixth Amendments.

28. Dismissal on statute-of-limitations grounds is a judgment on the merits barring reprosecution. *United States v. Oppenheimer*, 242 U.S. 85, 87–88 (1916).

29. The Government's pleas that dismissal is "drastic" ignore that it is the only constitutionally permissible remedy here. The Government never sought to file a bill of particulars (even though it would not have salvaged the indictment), and admits the indictment contains no factual particulars - The Government's own words demonstrate that Count One is void. Nothing cures these defects because the defects are structural and incurable; thus, the indictment must be dismissed with prejudice. *United States v. Oppenheimer*, 242 U.S. 85, 87–88 (1916).

**CONCLUSION**

30. For all the reasons stated above, and those set forth in Defendant's motion to dismiss, the indictment is facially void, statutorily insufficient, constitutionally defective, and time-barred. The only remedy consistent with law and justice is dismissal with prejudice.

31. Accordingly, this Honorable Court should dismiss the Indictment with prejudice; declare that dismissal constitutes a final adjudication on the merits under *United States v. Oppenheimer*, 242 U.S. 85, 87–88 (1916); vacate all pretrial conditions forthwith; release and extinguish all liens, encumbrances, or restraints on assets imposed pursuant to the forfeiture allegation; direct that the Indictment and related filings be sealed or

expunged to mitigate further collateral consequences of this unlawful prosecution; and grant such other and further relief as this Court deems just and proper to restore the Defendant's rights and the *status quo ante* that the Constitution demands.

Executed on September 16, 2025

                                                Peter Toumbekis, Esq.