UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================

UNITED STATES OF AMERICA,

    -  against -

JARED SOLOMON,

                           Defendant.
===============================================

**REPLY
BY DEFENDANT**

24-cr-665 (LAP)


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION IN LIMINE**


Peter Toumbekis, Esq.
Attorney for the Defendant
281 Beaver Dam Road
Brookhaven, NY 11719


TO:    United States Attorney's Office
         AUSA Adam Margulies, by ECF

**Table of Contents**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ............................................................................................................................... 3

I. The Motion Is Not Moot ......................................................................................................... 3

II. Judicial Notice of SEC Filings Is Proper ........................................................................... 3

III. This Motion Does Not Assert a "Blame-the-Victim" Theory ......................................... 4

IV. Nondisclosure Is Relevant to the Jury's Determination of Materiality ...................... 5

V. The Discovery Requested Is Material Under Rule 16 ........................................................ 6

**CONCLUSION** .............................................................................................................................. 7

## Table of Authorities

### Cases

Basic Inc. v. Levinson, 485 U.S. 224, 238 (1988) ........................................................................ 5

Finn v. Barney, 471 F. App'x 30, 32 n.1 (2d Cir. 2012) ............................................................ 4

Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ............................................ 3

Neder v. United States, 527 U.S. 1 (1999) ..................................................................................... 5

United States v. McKeon, 738 F.2d 26, 31–33 (2d Cir. 1984) ................................................. 5

United States v. Mejia, 545 F.3d 179, 194–98 (2d Cir. 2008) ............................................... 3

United States v. Paulino, 445 F.3d 211, 218–19 (2d Cir. 2006) ............................................ 5

United States v. Robinson, 635 F.2d 981, 986 (2d Cir. 1980) ................................................ 5

United States v. Stevens, 985 F.2d 1175, 1180–81 (2d Cir. 1993) ...................................... 6

### Statutes and Rules

18 U.S.C. §§ 1343 & 1350 ..................................................................................................................... 2

Fed. R. Evid. 201 ..................................................................................................................................... 3

Federal Rule of Criminal Procedure 16 ....................................................................................... 6

Federal Rule of Evidence 803(7) .................................................................................................... 6

Rule 16 of the Federal Rules of Criminal Procedure ............................................................. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

UNITED STATES OF AMERICA,

    -  against -

JARED SOLOMON,

                            Defendant.
==================================================

**REPLY**
**MEMORANDUM OF LAW**

24-cr-665 (LAP)

## PRELIMINARY STATEMENT

1.      This Reply Memorandum of Law is respectfully submitted on behalf of defendant Jared Solomon in further support of his Motion in Limine seeking: (1) judicial notice of Victim Company-1's public SEC filings and Sarbanes-Oxley certifications; (2) preclusion of the Government from offering internal-loss and internal-control-failure narratives that contradict those sworn filings absent a reliable evidentiary foundation; and (3) a jury instruction permitting the jury to consider nondisclosure when assessing materiality.

2.      The Government argues that the Motion is "moot" because it does not intend to introduce SEC filings; that the Motion constitutes an impermissible "blame-the-victim" defense; that SEC filings constitute inadmissible hearsay; and that nondisclosure is irrelevant to materiality. Each argument misapprehends the relief sought and controlling Second Circuit law.

3.      The Motion does not attempt to litigate securities-law compliance. Rather, it seeks to prevent a jury from being presented with unsupported internal-loss and internal-control-failure characterizations that contradict sworn SEC reports and Sarbanes-Oxley certifications, without requiring the Government to produce the

1

records necessary to test those assertions. The relief sought is squarely grounded in Federal Rules of Evidence 401, 403, 602, 701, and 702, and Rule 16 of the Federal Rules of Criminal Procedure.

4. The Defendant's Motion in limine is, amongst many things, preventing the Government from contradicting those filings with unsupported "fraud," "loss," "material weakness," and "internal control breakdown" theories in front of the jury without producing the basis for those theories.

5. The Government affirmatively relies on internal-loss narratives and control-breakdown narratives, even while disclaiming reliance on the securities filings themselves.

6. The Government's internal-loss theories contradict mandatory sworn regulatory filings and criminally certified SOX attestation statements made by corporate officers under 18 U.S.C. §§ 1343 & 1350, which directly relates to logical foundation and reliability of the Government's narrative, not victim conduct.

7. The Government argues that SEC filings are hearsay and not admissible, however, the Defense maintains that they are not seeking to admit the filings "for their truth," but rather seek Judicial Notice under Rule 201 because of the fact the documents were filed and there is a complete absence of any disclosure therein, along with the existence of sworn SOX certifications.

8. The Government may not simultaneously rely on Victim Company-1's integrity as a regulated issuer while asking the jury to assume sworn SEC certifications were wrong without producing the required audit and control evidence – Notably, the Government is not claiming the SEC filings are false. This would be prejudicial, misleading and invites nullification.

ARGUMENT

## I. The Motion Is Not Moot

9.      The Government asserts that the Motion is moot because it does not intend to offer
Victim Company-1's securities filings at trial. However, the Motion challenges the
Government's anticipated internal-loss and internal-control narratives to the extent
they conflict with sworn SEC filings and Sarbanes-Oxley certifications. Evidence must
be logically reliable and supported by a sufficient foundation before it is presented to a
jury. See _United States v. Mejia_, 545 F.3d 179, 194–98 (2d Cir. 2008).

10.     The Government may not simultaneously rely on Victim Company-1's status as a
regulated, certified, publicly-traded enterprise, while inviting the jury to assume that
the Company's sworn SEC filings and Sarbanes-Oxley certifications were inaccurate
or incomplete—without producing the underlying basis for such a claim. Doing so
invites precisely the kind of unfair prejudice, confusion, and misleading inference Rule
403 is designed to prevent.

## II. Judicial Notice of SEC Filings Is Proper

11.     The Second Circuit has squarely held that courts may take judicial notice of SEC filings,
including for the fact of what was and was not disclosed. _Kramer v. Time Warner Inc._,
937 F.2d 767, 774 (2d Cir. 1991). The defense does not seek to admit filings for the
truth of the matters asserted, but rather to establish the fact that filings occurred and
that no disclosure, restatement, or control-failure admission was made with respect to
the alleged conduct at issue. This is not hearsay. See Fed. R. Evid. 201.

12.     Courts routinely take judicial notice of SEC filings for fact of filing and
contents. _Kramer v. Time Warner Inc._, 937 F.2d 767, 774 (2d Cir. 1991); _Staehr v._

3

*Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008); *Finn v. Barney*, 471 F. App'x 30, 32 n.1 (2d Cir. 2012).

13.    The absence of disclosure is itself a judicially noticeable fact relevant to evaluating the Government's narrative regarding alleged internal losses or systemic internal-control failures.

### III. This Motion Does Not Assert a "Blame-the-Victim" Theory

14.    The Government's argument that victim conduct is irrelevant mischaracterizes the defense position. The defense does not argue that Victim Company-1's conduct excuses the defendant's conduct. Rather, the defense argues that unsupported narrative characterizations—particularly regarding internal financial losses and control systems—must rest upon reliable methodology and evidentiary support to be admissible. See *Mejia*, 545 F.3d at 197–98.

15.    For the avoidance of doubt and clarity, Defendant has not and does not blame the "victim". Defendant accepts Victim Company-1's SEC filings and Deloitte's opinions as authoritative. The defense simply tests the Government's proof: materiality is an element the Government must prove beyond reasonable doubt. The jury cannot be barred from seeing what the alleged victim told regulators, investors, and auditors under the most stringent disclosure regime in American law

16.    The 'blame-the-victim' line of cases does not authorize the introduction of speculative or contradictory narrative opinions lacking foundation.

4

**IV. Nondisclosure Is Relevant to the Jury's Determination of Materiality**

17.     The defense does not argue that securities-law materiality and wire-fraud materiality are identical. Rather, consistent with *Neder v. United States*, 527 U.S. 1 (1999), nondisclosure may properly be considered among the circumstances informing a reasonable-person material-misrepresentation analysis.

18.     This absence reflects fundamental law: when mandatory disclosure duties exist, sustained silence is dispositive evidence of immateriality. *Basic Inc. v. Levinson*, 485 U.S. 224, 238 (1988).

19.     The Second Circuit has repeatedly held that a party's conduct, actions, omissions, and course of dealing constitute admissible party admissions when inconsistent with positions later advanced. *United States v. McKeon*, 738 F.2d 26, 31–33 (2d Cir. 1984) (party's prior litigation positions and conduct admissible as evidentiary admissions where inconsistent with trial positions); *United States v. Paulino*, 445 F.3d 211, 218–19 (2d Cir. 2006) (adoptive admissions by conduct, including silence or inaction where circumstances call for response); *United States v. Robinson*, 635 F.2d 981, 986 (2d Cir. 1980) (conduct manifesting "adoption or belief in the truth" of asserted facts constitutes admission).

20.     Moreover, the company's sustained silence across mandatory disclosure channels constitutes an adoptive admission of immateriality. Under *Paulino*, silence or inaction where circumstances call for a response may be admitted as an adoptive admission. 445 F.3d at 218–19. Here, if the alleged conduct were material, federal law required the company to respond through disclosure, restatement, internal control assessment, audit committee action, or corrective measures. The company's sustained failure to take any

5

such action for nearly two years—despite mandatory legal obligations to do so—is powerful adoptive admission that the company did not believe material fraud occurred.

21.    When mandatory duty to speak exists, silence is admission no material event occurred. *Basic*, 485 U.S. at 238.


## V. The Discovery Requested Is Material Under Rule 16

22.    To the extent the Government intends to present testimony regarding alleged internal-control failure, material weakness, or system breakdown, the underlying audit workpapers, disclosure-committee materials, board audit-committee records, and Sarbanes-Oxley testing records are material under Federal Rule of Criminal Procedure 16 because they bear directly on the credibility, foundation, and reliability of those assertions. See *United States v. Stevens*, 985 F.2d 1175, 1180–81 (2d Cir. 1993).

23.    Material misconduct at large accelerated filers triggers no less than fourteen institutional "alarms" generating documentation. Complete absence proves either conduct didn't occur as alleged or wasn't material.

24.    If the Government's characterization were accurate, fourteen categories of action would trigger immediately upon discovery. Based on Government's opposition, not one alarm triggered. Government doesn't possess - apparently never requested (which in turn means never reviewed) - expected documentation. This absence is affirmative evidence Company never treated conduct as material.

25.    Either documentation exists (Government must produce it, showing company's assessment), or it does not exist (absence is proof under Federal Rule of Evidence 803(7) company did not treat as material) and should be required to certify as such.

26.    Such records must be produced where the Government relies on those very conclusions to support its narrative.

**CONCLUSION**

27.    For the reasons stated above, Defendant respectfully renews his request that the Court: (1) take judicial notice of Victim Company-1's securities filings; (2) preclude unsupported internal-loss and internal-control narratives inconsistent with those filings; (3) compel production of foundational audit and control records; and (4) issue the requested materiality instruction.

Executed on January 5, 2025

Peter Toumbekis, Esq.