```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>-against-<br><br><br>JARED SOLOMON,<br><br>                  Defendant. | 24-CR-665(LAP)<br><br>OPINION & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Defendant, Jared Solomon, moves in limine for the Court to: 1) take judicial notice of Victim Company 1's ("VC-1") securities filings, certifications, attestations, auditor's files, and continuous NYSE listing; 2) hold that VC-1's filings and certifications constitute binding party admissions under Federal Rule of Evidence 801(d)(2)(D); 3) preclude the Government from introducing any evidence at trial regarding loss, fraud, impairment, or internal control weaknesses, which conflicts with VC-1's public filings or its auditor's files; 4) preclude the Government from offering lay or expert testimony that contradicts VC-1's audited financial statements, certifications, or auditor's files; 5) preclude the Government from using summary charts, loss schedules, or demonstratives, which departs from VC-1's audited financials; 6) direct the Government, pursuant to Criminal Rule 16, to produce all securities filings, certifications, exchange

correspondence, audit committee materials, and internal materials concerning whether VC-1 identified, investigated, disclosed, or declined to disclose any fraud or material weakness related to the transactions at issue; and 7) give the jury three instructions regarding "materiality." (See dkt. no. 44 ¶ 18.)

The Government opposes Defendant's motion in its entirety and moves for the Court to preclude Defendant from offering evidence at trial concerning VC-1's securities filings. (See dkt. no. 45 at 4-14.) Defendant has replied, rebutting the Government's assertions and reiterating his initial arguments. (See dkt. no. 46.)

For the reasons set forth below, the Government's motion to preclude Defendant from offering evidence or argument regarding VC-1's securities filings is GRANTED. Defendant's motion to exclude Government evidence that is inconsistent with VC-1's filings is DENIED AS MOOT. The Court reserves judgment on Defendant's request regarding the first proposed jury instruction. All of Defendant's other motions are DENIED.

## I. Procedural History

Last month, a grand jury returned a three-count superseding indictment against Defendant, which charged him with: 1) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; 2) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b),

2

and 2; and 3) bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. (See dkt. nos. 47-48.)

In December 2024 ─ after a grand jury initially indicted Defendant on the same wire fraud and aggravated identity theft counts (see dkt. nos. 1-2) ─ the Government produced most of the discovery in this case, including materials produced by VC-1 in response to the Government's voluntary document requests. (See dkt. no. 45 at 3-4.)  That production, however, did not include VC-1's securities-related records, as the Government asserts that it neither requested nor received such materials from VC-1. (See id.)

In August 2025, Defendant moved to dismiss the indictment, which the Court denied.  (See dkt. nos. 36, 39.)  Defendant then moved for reconsideration of that motion, which the Court also denied.  (See dkt. nos. 42, 43.)  Defendant filed the instant motion in December 2025.  (See dkt. no. 44.)

II. Discussion

Evidence must be relevant to be admissible at trial.  See Fed. R. Evid. 401-02.  "[U]nless an exception applies, all '[r]elevant evidence is admissible.'" United States v. White, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  See

3

Fed. R. Evid. 401.  However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  See Fed. R. Evid. 403.  A trial court "has broad discretion to exclude even relevant evidence" under Rule 403 if its probative value is substantially outweighed by one or more of the countervailing factors enumerated in the rule.  United States v. Elfgeeh, 515 F.3d 100, 127-28 (2d Cir. 2008).

In addition, under Federal Rule of Evidence 801(d)(2)(D), an opposing party's statement is admissible when it "is offered against an opposing party" and it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).

Finally, under Federal Rule of Criminal Procedure 16, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items . . . ."  Fed. R. Crim. P. 16(a)(1)(E).  This rule has two requirements: (1) the item is in the Government's possession, custody, or control; and (2) either the item is material to preparing the defense, the Government intends to use the item in its case-in-chief, or the item was

obtained from or belongs to the defendant.  See Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).

### A. Defendant's Motion to Bar the Government from Presenting Evidence that is Inconsistent with VC-1's Filings

Defendant moves to preclude the Government from introducing evidence, testimony, or demonstratives, which conflict with VC-1's public filings, financial statements, auditor's files, certifications, and opinions. (Dkt. no. 44 ¶ 18(c-e).)  However, the Government asserts that it "does not intend to offer evidence or argument relating to [VC]-1's securities disclosures, auditor's files, purported internal controls failures, or the 'materiality' (or immateriality) to investors of [VC]-1's loss from the defendant's fraud."  (Dkt. no. 45 at 5-6.)  Accordingly, because the Government has no intention of offering such evidence, Defendant's motion is DENIED as moot.  See United States v. Glover, 2025 WL 1580848, at *13 (S.D.N.Y. June 3, 2025) (denying defense motion in limine as moot where Government did "not intend to introduce such evidence at trial").

### B. The Government's Motion to Preclude Defendant from Offering Evidence or Argument Regarding VC-1's Securities Filings and Defendant's Motion for the Court to Hold that those Filings Are Binding Party Admissions

Conversely, the Government moves for the Court to preclude Defendant from offering evidence at trial concerning VC-1's securities filings, asserting that evidence and arguments regarding VC-1's securities disclosures are inadmissible under

5

Rules 402, 403, and 802.  (See dkt. no. 45 at 7-8.)  Defendant, on the other hand, asks the Court to "hold[] that those filings and certifications constitute binding party admissions."  (Dkt. no. 44 ¶ 18(b).)  The Court agrees with the Government.

First, VC-1 is not the defendant in this matter and VC-1's securities disclosures are irrelevant to the core questions of whether the Government can prove beyond a reasonable doubt that Defendant committed wire fraud, bank fraud, and identity theft.  Indeed, "[i]t is no defense that the victims of [a] fraud may have been engaged in some misconduct" and, thus, the "possible misconduct of the victim [] [is] not relevant" to the charges in the superseding indictment.  United States v. Korogodsky, 4 F. Supp. 2d 262, 265-66 (S.D.N.Y. 1998) (considering a letter rogatory in a criminal case).  Accordingly, the Court finds that evidence or argument regarding VC-1's securities filings are irrelevant for trial and, therefore, inadmissible under Rule 402.

Second, even if VC-1's securities filings were relevant, they are excluded under Rule 403 as any probative value is substantially outweighed by a substantial likelihood that such evidence will confuse the jury and waste time.  Indeed, introducing such evidence invites a trial within a trial as to whether VC-1 was compliant and forthcoming in its disclosure obligations, which, of course, has no bearing on whether Defendant committed wire fraud, bank fraud, and identity theft.  See United States v. Rossy, 2023 WL

6

8039500, at *3 (S.D.N.Y. Nov. 20, 2023) ("Admitting the Victim's criminal and disciplinary history risks creating a multi-ringed sideshow of mini-trials on collateral issues that may have only tangential bearing, if at all, to the issues and claims disputed in this case." (cleaned up and citation omitted)).  Accordingly, the Court excludes VC-1's securities filings under Rule 403.

Third, VC-1's filings are inadmissible hearsay.  Defendant argues that VC-1's filings are admissible under Rule 801(d)(2)(D) and should be "properly treated as party admissions . . . when offered against the Government in a criminal case that relies on [a] Company as the alleged victim, principal witness, and source of underlying factual assertions."  (Dkt. no. 44 ¶¶ 14, 57.)  However, VC-1 is neither an agent nor employee of the Government.  Thus, this exclusion from hearsay does not apply.  See United States v. Yildiz, 355 F.3d 80, 82 (2d Cir. 2004) ("out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D) as admissions by the agent of a party opponent.").  Moreover, the filings are not admissible under Rule 801(d)(2)(B), as there is no suggestion that the Government ever adopted those filings or believed them to be true.  See, e.g., United States v. Adams, 216 F.3d 1073 (2d Cir. 2000) (summary order) ("The victim-witness letters, even assuming arguendo that they could be read to contradict any position of the government's at trial, are not admissible under Rule 801(d)(2)

7

because they do not represent a formal position that the government ever took."). Thus, because no exception or exemption applies, VC-1's filings are inadmissible hearsay. See Fed. R. Evid. 801-02.

Accordingly, the Court GRANTS the Government's motion to preclude Defendant from offering evidence or argument regarding VC-1's securities filings and DENIES Defendant's motion for the Court to hold that those filings are binding party admissions.

### C. Defendant's Motion for the Court to take Judicial Notice of VC-1's Securities Filings

Next, Defendant argues that the Court should take judicial notice of VC-1's securities filings. (See dkt. no. 44 ¶ 18(a).) However, the Court finds that it would be inappropriate to take judicial notice of the filings because —— as discussed above —— they are irrelevant, inadmissible hearsay, and any probative value is substantially outweighed by a likelihood that such evidence will confuse the jury and waste time. See Novartis Pharma AG v. Incyte Corp., 777 F. Supp. 3d 340, 354 (S.D.N.Y. 2025) ("Courts need not take judicial notice of irrelevant facts or documents." (collecting cases)). Accordingly, this motion is DENIED.

### D. Defendant's Motion to Compel Production of VC-1's Securities Records

In addition, Defendant moves for the Court to direct the Government to produce all Securities and Exchange Commission filings, Sarbanes-Oxley Act certifications, exchange

8

correspondence, audit committee materials, and internal materials regarding whether VC-1 identified, investigated, disclosed, or declined to disclose any fraud or material weakness related to this matter pursuant to Rule 16.  (See dkt. no. 44 ¶ 18(f).) Defendant's motion fails for multiple reasons.

First, Defendant's request for materials pursuant to Rule 16 "is patently untimely." United States v. Blondet, 2022 WL 507698, at *5 (S.D.N.Y. Feb. 18, 2022).  The Government substantially completed discovery in December 2024, and the deadline for pretrial motions in this case was August 4, 2025. (See dkt. no. 35.) The Court finds that Defendant could have moved to compel production of the Rule 16 materials by the August 2025 deadline. See Fed. R. Crim. P. 12(b)(3)(E) (a motion for discovery under Rule 16 discovery "must be raised by pretrial motion if the basis for the motion is then reasonably available").

Second, the request fails the first prong of Rule 16 as the materials sought are not in possession of the prosecution team in this case; rather, they are in the possession of VC-1 and/or its auditor. See United States v. Meregildo, 920 F. Supp. 2d 434, 444 (S.D.N.Y. 2013) ("in most cases, cooperating witnesses should not be considered part of the prosecution team."); United States v. Barcelo, 628 F. App'x 36, 38 (2d Cir. 2015) (summary order) ("We have never held that the 'prosecution team' includes cooperating witnesses." (quotation marks and citation omitted)).

9

Finally, the request fails the second prong of Rule 16 as the Government does not intend to use these materials in its case-in-chief at trial, the discovery is not Defendant's, and —— as discussed above —— the requested discovery is not material to preparing the defense. See United States v. Gatto, 986 F.3d 104, 132-33 (2d Cir. 2021) (Lynch, J., concurring) (observing that evidence that "the [victims] were corrupt, exploitative institutions who deserved whatever happened to them" was properly precluded because "[s]uch a 'Robin Hood' defense—that the defendants were essentially robbing the rich to help the poor—is of course also not a legal defense.").

Accordingly, this motion is DENIED.

**E. Defendant's Motion for "Materiality" Jury Instructions**

Defendant requests three jury instructions: 1) "The Government bears the burden of proving materiality beyond a reasonable doubt as an element of wire fraud;" 2) "In assessing materiality where the alleged victim is a public company, the jury may consider how a reasonable issuer, subject to federal securities-disclosure obligations, would be expected to act in similar circumstances;" and 3) "The jury may consider the absence of any SEC-mandated disclosure, restatement, or exchange action by Victim Company-1 relating to the alleged conduct when deciding whether the Government has proved materiality and a scheme to

obtain money or property beyond a reasonable doubt." (Dkt. no. 44 ¶ 111.)

As to the first proposed jury instruction, while it is a correct statement of law, the Court reserves judgement because this request is premature.

As to the second proposed instruction, Defendant conflates materiality as an element of wire fraud (i.e., whether Defendant's statements to VC-1 were material causes of VC-1's losses), with materiality in the context of a Securities Act cause of action (i.e., whether VC-1's losses are material information to an investor). Compare United States v. Runner, 143 F.4th 146, 154 (2d Cir. 2025) (discussing materiality as a component of wire fraud), with In re Ply Gem Holdings, Inc. Sec. Litig., 135 F. Supp. 3d 145, 149-51 (S.D.N.Y. 2015) (discussing materiality in the context of a Securities Act claim). Although Defendant cites authorities and advances arguments addressing the latter, (dkt. no. 44 ¶ 71), only the former is relevant to this case. Thus, Defendant's second proposed jury instruction concerning the latter is irrelevant, and the Court DENIES Defendant's motion for its inclusion.

Finally, the Court DENIES Defendant's request for the third proposed jury instruction because, for the reasons discussed above, evidence of VC-1's SEC disclosures is inadmissible under

Rules 402, 403, and 802. Thus, there is no basis for this instruction.

### III. Conclusion

In sum, the Government's motion to preclude Defendant from offering evidence or argument regarding VC-1's securities filings is GRANTED. Defendant's motion to bar the Government from presenting evidence that is inconsistent with VC-1's filings is DENIED AS MOOT. The Court reserves judgment on Defendant's motion for the first proposed jury instruction. All of Defendant's other motions are DENIED. The Clerk of the Court shall close docket number 44.

**SO ORDERED.**

_____
LORETTA A. PRESKA
Senior United States District Judge

Dated:  New York, New York
        March 5, 2026