UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════════

UNITED STATES OF AMERICA,

   - against -

24-cr-665 (LAP)

JARED SOLOMON,
                   Defendant.
═══════════════════════════════════════════

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
### Rule 404(b)

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of the Defendant's, Jared Solomon's, Motion in Limine to Preclude the Government's Proposed Rule 404(b) Evidence, and upon all prior pleadings and proceedings herein, the Defendant respectfully moves this Court, by his attorney, before the Honorable Loretta A. Preska, U.S.D.J. for the Southern District of New York, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, at such time as the Court may direct, for an Order pursuant to Federal Rules of Evidence 401, 403 and 404(b):

1. Precluding the Government from introducing evidence of alleged lifestyle spending, including but not limited to purchases of real estate, vehicles, country club memberships, home renovations, landscaping expenses, and other personal expenditures.

2. Precluding the Government from introducing evidence of alleged tax-related conduct, including alleged failures to report income or file tax returns.

3. Precluding the Government from introducing evidence concerning alleged business certificates bearing forged or improperly obtained notary seals.

4. Precluding any additional Rule 404(b) evidence not specifically identified in the Government's March 6, 2026 notice.

5. Granting such other and further relief as the Court deems just and proper.

Dated: Brookhaven, New York
       March 13, 2026

                                                    Peter Toumbekis, Esq.
                                                    Attorney for the Defendant
                                                    281 Beaver Dam Road
                                                    Brookhaven, NY 11719

TO:    United States Attorney's Office
         AUSA Adam Margulies, by ECF
         AUSA Joseph Zabel, by ECF
         AUSA Rita Maxwell, by ECF
         AUSA Daniel Charles Richenthal, by ECF

# TABLE OF AUTHORITIES

**Cases**

Huddleston v. United States, 485 U.S. 681 (1988) .................................................................. 3

United States v. Curley, 639 F.3d 50 (2d Cir. 2011) ............................................................... 3

United States v. Garcia, 291 F.3d 127 (2d Cir. 2002) ............................................................. 3

United States v. McCallum, 584 F.3d 471 (2d Cir. 2009) ....................................................... 3

**Statutes and Rules**

Federal Rule of Evidence 403 ........................................................................................ 3, 4, 5 and 6

Federal Rule of Evidence 404(b) ........................................................................................ 3, 4 and 6

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT** ................................................................................1

**II. STATEMENT OF FACTS** ......................................................................................2

**III. LEGAL STANDARD** .............................................................................................3

**IV. STATEMENT OF LAW: RULE 404(B) IN THE SECOND CIRCUIT** ................3

A. The Government Improperly Characterizes the Evidence as Direct Evidence ...............4

B. The Government's Rule 404(b) Notice is Open-Ended and Insufficient ........................4

C. The Government's Proposed Evidence Constitutes Proof of Uncharged Crimes ...........4

D. Tax-Related Allegations Should be Excluded ................................................................5

E. Admission Would Create Constructive Amendment and Variance Risks ......................5

F. The Government's Evidence Does Not Establish Modus Operandi ...............................5

G. Lifestyle Spending Evidence is Inadmissible Under Rule 403 .......................................5

H. The Proposed Evidence Would Create Wealth-Based Bias ...........................................6

I. The Evidence Constitutes Impermissible Backdoor Character Evidence .......................6

J. Admission Would Create Prejudicial Mini-Trial and a Trial Within a Trial ..................6

K. Due Process and Unfair Surprise Concerns ...................................................................6

L. Rule 403 Requires Exclusion ..........................................................................................6

M. Request for Pretrial Rule 404(b) Hearing ......................................................................6

**V. CONCLUSION** ........................................................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM OF LAW** |
| - against – | 24-cr-665 (LAP) |
| JARED SOLOMON, | |
| Defendant. | |

==================================================

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

I, Peter Toumbekis, Esq., an attorney-at-law, duly admitted to the practice of law in the State of New York and the United States District Court for the Southern District of New York, hereby affirm the following under the penalty of perjury:

1. I am personally and fully familiar with all the facts and circumstances of the above captioned matter from my communications with the Defendant, my communications with the United States Attorney's office, my review of discovery documents and materials provided by the Government, as well as my review of the Criminal Docket Sheet, publicly documents filed by "Victim Company-1" and all the documents and materials previously filed with this Honorable Court.

2. On behalf of the Defendant, Jared Solomon, I respectfully submit this Memorandum of Law in support of his motion in limine.

### I. PRELIMINARY STATEMENT

3. Defendant Jared Solomon respectfully moves in limine to preclude the Government from introducing the categories of evidence identified in its March 6, 2026 Rule 404(b) notice. Attached hereto as **Exhibit A** is a copy of the Government's March 6, 2026 Rule 404(b) notice.

1

4. In that March 6 letter, the Government asserts that it "may seek to introduce at trial evidence of the following in order to prove the defendant's intent, knowledge, preparation, plan, motive, modus operandi and/or absence of mistake or accident." The Government further claims that the evidence "is admissible as direct evidence; however, in an abundance of caution, we are providing notice pursuant to Rule 404(b)."

5. The Government also acknowledges that the examples listed are merely "illustrative of the types of uses that the Government will offer at trial."

6. These statements reveal the central defect in the Government's position. The proposed evidence concerns alleged lifestyle spending, alleged tax conduct, and alleged banking document irregularities—none of which are elements of the charged wire fraud offense.

7. Admission of this evidence would produce prejudicial mini-trials, introduce wealth-based bias, and invite the jury to convict based on classic propensity evidence rather than proof of the charged conduct.

## II. STATEMENT OF FACTS

8. On March 6, 2026, the Government served a letter providing notice pursuant to Federal Rule of Evidence 404(b).

9. The notice asserts that the Government may introduce evidence that the defendant spent millions of dollars on real estate purchases and personal expenses including "home renovations" and a "Porsche."

10. The letter further alleges that the defendant "did not report the approximately $9.5 million in fraud proceeds that he obtained from the wire fraud scheme charged in Count One as taxable

income on his tax returns" and that he "did not file any tax returns for the years 2019 through the present."

11. Finally, the Government alleges that the defendant submitted "fraudulent business certificates bearing forged or fraudulently obtained notary seals" to a bank.

12. The Government emphasizes that the examples listed are merely "illustrative of the types of uses that the Government will offer at trial."

### III. LEGAL STANDARD

13. Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove a defendant's character in order to show that the defendant acted in conformity with that character.

14. Under Huddleston v. United States, 485 U.S. 681 (1988), such evidence may be admitted only if: (1) offered for a proper purpose, (2) relevant to a disputed issue, (3) its probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403, and (4) accompanied by a limiting instruction.

15. Even under the Second Circuit's inclusionary approach, courts must exclude evidence whose primary effect is to encourage propensity reasoning. See United States v. Curley, 639 F.3d 50 (2d Cir. 2011); United States v. McCallum, 584 F.3d 471 (2d Cir. 2009).

### IV. STATEMENT OF LAW: RULE 404(b) IN THE SECOND CIRCUIT

16. The Second Circuit applies an inclusionary approach to Rule 404(b) evidence, but this approach does not permit admission of evidence that functions primarily as character evidence. See United States v. Garcia, 291 F.3d 127 (2d Cir. 2002).

17. Courts must carefully scrutinize Rule 404(b) evidence because of the risk that juries will rely on improper propensity reasoning. United States v. Curley, 639 F.3d at 57.

18. Even where evidence has some relevance, Rule 403 requires exclusion if the probative value is substantially outweighed by unfair prejudice, confusion of issues, or needless presentation of cumulative evidence.

### A. The Government Improperly Characterizes the Evidence as Direct Evidence

19. The Government asserts that the proposed evidence "is admissible as direct evidence." This assertion is incorrect.

20. Lifestyle spending after the alleged scheme is not an element of wire fraud. Alleged tax violations and alleged document irregularities are separate acts unrelated to the charged offense.

### B. The Government's Rule 404(b) Notice is Open-Ended and Insufficient

21. Rule 404(b) requires reasonable notice of the general nature of the evidence the Government intends to introduce.

22. Here, the Government expressly states that the examples listed are merely "illustrative." This open-ended notice prevents the defense from meaningfully preparing to challenge the evidence before trial.

### C. The Government's Proposed Evidence Constitutes Proof of Uncharged Crimes

23. The proposed evidence effectively accuses the defendant of crimes not charged in the indictment including potential tax offenses and document forgery.

24. Rule 404(b) cannot be used to place a defendant on trial for uncharged crimes, and this tactic would serve to create a sideshow of a trial-within-a trial.

4

### D. Tax-Related Allegations Should be Excluded

25. The Government seeks to introduce evidence that the defendant failed to report income or file tax returns.

26. The Government mistakenly states "In addition, the defendant did not file any tax returns for the years 2019 through the present." The Defendant has filed tax returns for the years 2022, 2023 and 2024 and attached as **Exhibit B** is a copy of the IRS Transcripts for these years.

27. Admission of such evidence would require extensive testimony regarding tax law and accounting principles and would create a mini-trial within a trial concerning collateral issues.

### E. Admission Would Create Constructive Amendment and Variance Risks

28. Allowing evidence of alleged tax violations or document irregularities risks expanding the scope of the indictment.

29. Jurors could convict based on collateral allegations rather than the charged offenses.

### F. The Government's Evidence Does Not Establish Modus Operandi

30. The Government claims the evidence demonstrates modus operandi. However, modus operandi requires a highly distinctive signature crime. Routine financial conduct does not satisfy this standard.

### G. Lifestyle Spending Evidence is Inadmissible Under Rule 403

31. Evidence of luxury purchases such as expensive homes or vehicles is frequently excluded because its primary effect is to portray the defendant as wealthy or extravagant.

32. Such evidence has minimal probative value and substantial risk of unfair prejudice.

### H. The Proposed Evidence Would Create Wealth-Based Bias

33. Evidence relating to expensive homes, luxury items, or lifestyle spending risks creating wealth-based bias among jurors and invites conviction based on resentment rather than proof.

### I. The Evidence Constitutes Impermissible Backdoor Character Evidence

34. Although framed as proof of intent or knowledge, the evidence functions as backdoor character evidence suggesting the defendant has a dishonest disposition.

### J. Admission Would Create Prejudicial Mini-Trial and a Trial Within a Trial

35. Introducing these allegations would require extensive testimony from accountants, bankers, and other witnesses, creating prejudicial mini-trials and a trial within a trial.

### K. Due Process and Unfair Surprise Concerns

36. The open-ended nature of the Government's notice raises due process concerns because the defense cannot adequately prepare to respond to unspecified allegations.

### L. Rule 403 Requires Exclusion

37. Even if marginally relevant, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury.

### M. Request for Pretrial Rule 404(b) Hearing

38. If the Court does not exclude the evidence outright, the defense respectfully requests a pretrial Rule 404(b) hearing requiring the Government to identify each item of proposed evidence and its purported non-propensity purpose.

## V. CONCLUSION

39. For the foregoing reasons, Defendant Jared Solomon respectfully requests that the Court grant this Motion in Limine and preclude the Government from introducing the evidence identified in its Rule 404(b) notice.

Dated: March 13, 2026

_____
Peter Toumbekis, Esq.