**Exhibit**                                        A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 6, 2026

**BY EMAIL**
Peter Toumbekis, Esq.
281 Beaver Dam Rd
Brookhaven, NY 11719
ptoumbekis@gmail.com

Re:    *United States v. Jared Solomon,* S1 24 Cr. 665 (LAP)

Dear Counsel:

We write to advise you of certain evidence that the Government may seek to introduce in its case-in-chief at trial in the above-captioned matter, including potentially pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). Specifically, the Government may seek to introduce at trial evidence of the following in order to prove the defendant's intent, knowledge, preparation, plan, motive, modus operandi, and/or absence of mistake or accident, with respect to the offenses charged in Superseding Indictment S1 24 Cr. 665 (LAP). The Government believes that all the evidence described herein is admissible as direct evidence; however, in an abundance of caution, we are providing notice pursuant to Rule 404(b), pursuant to the Court's Order of October 28, 2025.

- Between in or about 2020 and in or about 2023, the defendant spent approximately $7 million of the proceeds from the wire fraud scheme charged in Count One to finance two expensive real estate purchases, specifically, the purchase of a house located at 3 Beverly Road in Purchase, New York, and the purchase of an apartment located at 23 East 74th Street, in New York, New York. Between at least in or about 2019 and in or about 2024, the defendant also spent the proceeds of the fraud on home renovations (including, among other payments, a payment of approximately $107,000 in or about 2022) and a Porsche (including a payment of approximately $41,000 in or about 2019). From at least in or about 2016 through at least in or about 2017, the defendant transferred at least approximately $200,000 in fraud proceeds to his investment accounts. From at least in or about 2018 through in or about 2024, the defendant further transferred at least approximately $1.6 million in fraud proceeds to a separate bank account that he controlled, and shortly thereafter used the funds from that account to pay for a country club membership, landscaping costs, and credit card bills, among other expenditures. On or about December 19, 2018, the defendant also used the fraud proceeds to have a cashier's check in the amount of $237,500 issued to his ex-wife.[1]

---

[1] The specific uses of the fraud proceeds described above are illustrative of the types of uses that the Government will offer at trial.

- Between in or about 2009 and in or about 2024, the defendant did not report the approximately $9.5 million in fraud proceeds that he obtained from the wire fraud scheme charged in Count One as taxable income on his tax returns. In addition, the defendant did not file any tax returns for the years 2019 through the present.

- In or about 2016 and in or about 2021, the defendant submitted fraudulent business certificates bearing forged or fraudulently obtained notary seals to JP Morgan Chase in order to open bank accounts into which he directed the fraud proceeds.

The Government reserves the right to supplement this notice in a timely manner prior to trial.

Very truly yours,

SEAN S. BUCKLEY
Attorney for the United States,
Acting under Authority Conferred
by 28 U.S.C. § 515

By: /s/_____
Adam Z. Margulies
Joseph Zabel
Rita Maxwell
Assistant United States Attorneys
(212) 637-2345/ -1559/ -2206