UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| v. | S2 24 Cr. 665 (LAP) |
| JARED SOLOMON, | |
| Defendant. | |

## COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

1.      From at least in or about 2009 through at least in or about 2023, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, SOLOMON engaged in a scheme to make false statements to Vornado Realty Trust, in order to fraudulently obtain money, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury further charges:

2.      From at least in or about 2015 through at least in or about 2023, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, SOLOMON used and transferred the names and signatures of other persons during and in relation to the wire fraud violation charged in Count One of this Superseding Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT THREE
### (Bank Fraud)

The Grand Jury further charges:

3.      In or about December 2021, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, SOLOMON falsely represented that he was the owner of a particular business when opening a business bank account at JPMorgan Chase Bank, N.A., and deposited into that account a check addressed to an actual business with a similar name.

(Title 18, United States Code, Sections 1344 and 2.)

2

## COUNT FOUR
### (Bank Fraud)

The Grand Jury further charges:

4.      From at least in or about January 2020 through at least in or about August 2020, in the Southern District of New York and elsewhere, JARED SOLOMON, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, SOLOMON engaged in a scheme to make false statements to Wells Fargo Bank, N.A., in order to obtain a mortgage loan.

(Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATIONS

5.      As a result of committing the offense alleged in Count One of this Superseding Indictment, JARED SOLOMON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a.      The real property commonly described as 3 Beverly Road, Purchase, New York 10577, more particularly described as Lot 27 on Block 642 in Purchase, Town of Harrison, in Westchester County, as recorded on August 14, 2023, and associated with Document Control No. 630893323 and Title No. 9223ML-2023;

b.      The real property commonly described as 23 East 74th Street, Apartment 8CDEG, New York, New York 10021, more particularly described as Lot 1001 on Block 1389 in the Borough of Manhattan, as recorded on August 12, 2020, and associated with Document ID 2020080300409001 (the "Cooperative Apartment 8CDEG Property"), and all shares allocated to the Cooperative Apartment 8CDEG Property, more particularly described as 1,051 shares of stock in The Volney Residences, Inc.;

c.      All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 782295112, held in the name of Jared S Solomon DBA Margoux Media, and all property traceable thereto;

d.      All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 806495040, held in the name of Cobalt Advisors, and all property traceable thereto; and

e.      All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 790136862, held in the name of Jared Solomon DBA Karpoff Affiliate, and all property traceable thereto; (a. through e., collectively the "Specific Property").

6.　　As a result of committing the offenses alleged in Counts Three and Four of this Superseding Indictment, JARED SOLOMON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the specific property described in paragraphs 5b. and 5e. above.

### Substitute Assets Provision

7.　　If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.　　cannot be located upon the exercise of due diligence;

    b.　　has been transferred or sold to, or deposited with, a third person;

    c.　　has been placed beyond the jurisdiction of the Court;

    d.　　has been substantially diminished in value; or

    e.　　has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

SEAN S. BUCKLEY
Attorney for the United States,
Acting under Authority Conferred
by 28 U.S.C. § 515