

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 19, 2026

**BY Email and ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     *United States v. Jared Solomon*, S2 24 Cr. 665 (LAP)

Dear Judge Preska:

The Government respectfully writes in the above-captioned matter, in advance of the arraignment and conference scheduled later today, to advise the Court of two disagreements between the parties regarding pretrial disclosures, and to ask that the Court enter two orders requiring the defendant to:

(1)  produce all materials obtained pursuant to Rule 17(c) subpoenas promptly upon receipt; and
(2)  disclose all exhibits he intends to introduce substantively at trial—including those sought to be introduced through cross-examination.[1]

## I.    The Court Should Order the Production of Rule 17(c) Subpoena Returns Promptly After Receipt

Multiple times over the past several days, the Government has asked defense counsel whether he has served Rule 17(c) subpoenas, or intends to do so, and whether he agrees to produce promptly the returns from such subpoenas. Yesterday evening, the defense responded that he does not agree that Rule 17(c) requires disclosure of subpoena returns. He is wrong.

Federal Rule of Criminal Procedure 17(c) grants parties the right to subpoena "books, papers, documents, data, or other objects" in connection with a trial (or a hearing). While Rule 17(c) may be served without notice to opposing counsel, absent authorization from the Court, the law requires that materials produced in response to such subpoenas be shared with both sides. This is so for multiple reasons.

---

[1] The parties continue to confer on other matters concerning pretrial disclosures, including the setting of a deadline for the production by the defendant of Rule 26.2 material (*i.e.*, the equivalent of 3500 material for the defense), and for the exchange of visuals, if any, to be used in opening.

Honorable Loretta A. Preska
March 19, 2026
Page 2

*First*, Rule 17(c)(1) makes no reference to *ex parte* review of subpoena returns and instead contemplates that subpoenaed documents will be returned to the Court, which may permit "the parties and their attorneys to inspect all or part of them." Because the Court's authority should not be invoked to permit a party to engage in trial by ambush, "[i]t is the majority view of the courts that the structure of Rule 17 requires the court to allow both parties to view the documents returned under the subpoena." *United States v. Litos*, No. 12 Cr. 175, 2014 WL 806022, at *5 (N.D. Ind. Feb. 24, 2014) (collecting cases); *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011); *accord United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Haw. 1995) (finding the magistrate judge erred in "failing to permit both the Government and the Defendant to examine" the Rule 17(c) materials because "Rule 17(c) makes no provision for allowing only one party access to the documents"); *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) (noting that the plain language of Rule 17(c) "negates any assumption" that materials should be returned *ex parte*).

*Second*, Rule 16(b), which governs defense disclosures, requires that the returns from a Rule 17(c) subpoena, absent court authorization, be provided to the other side. "Rule 17(c) was not intended to provide an additional means of discovery" to a defendant in a criminal case. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rather, the Rule was "designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Indeed, "courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16." *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (internal quotation marks omitted). Accordingly, a Rule 17(c) subpoena must meet the tests of "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). The Second Circuit has made clear that this standard applies to Rule 17(c) subpoenas issued by criminal defendants to third parties. *See United States v. Conway*, 615 F. App'x 46, 48 (2d Cir. 2015). It necessarily follows that materials a defendant obtains via Rule 17(c) fall within a defendant's reciprocal discovery obligations. As Judge Seibel explained, "because Rule 17(c) subpoenas are intended to obtain specific materials that the party expects to offer into evidence, Rule 16 would oblige the party to make the materials available to the other side." *United States v. St. Lawrence*, No. 16 Cr. 259 (CS), Dkt. 66 (S.D.N.Y. Dec. 22, 2016); *see also United States v. Londonio, et al.*, No. 17 Cr. 89 (CS) (S.D.N.Y.), 1/3/2019 Tr., at 77-78 ("[I]f either side has used 17(c) and gets materials, they have to be turned over to the other side. . . . [I]f either side has been properly using Rule 17(c) subpoenas, which are intended to obtain specific materials that the party expects to offer at trial, that's Rule 16 material."); *United States v. Menendez*, No. 23 Cr. 490 (SHS) (December 12, 2024), Dkt. 665 (ordering responses from Rule 17(c) subpoenas "[p]romptly after receipt"). In short, assuming that any Rule 17(c) subpoenas have or will be properly issued by the defense, the responsive materials are necessarily subject to disclosure to the Government under Rule 16(b).

In any event, even if the Court construes Rule 17(c) differently, or declines to reach the question, the Court should exercise its discretion to order prompt production of all such materials here going forward. With less than a month before trial, the defendant has provided no reciprocal discovery of any kind—and claims not to have any—and now has also declined to produce returns from Rule 17(c) subpoenas. That is not consistent with the defendant's discovery obligations, is not warranted in this case, and is not in the interest of justice. *See generally Williams v. Florida*,

Honorable Loretta A. Preska
March 19, 2026
Page 3

399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."); *see also id.* (the "search for truth" is enhanced by "both the defendant and the State [having] ample opportunity to investigate certain facts crucial to the determination of guilt or innocence").

**II.      The Court Should Order The Disclosure of All Substantive Exhibits, Including Those Sought To Be Introduced On Cross-Examination, Under Rule 16(b), And That Such Materials Be Included On The Defendant's Exhibit List**

The Court previously set a deadline of April 6, 2026 for the production, by both parties, of exhibit lists.  In response to the Government inquiring of defense counsel whether he agreed that this deadline applied to all substantive exhibits, including those sought to be introduced during cross-examination, *i.e.*, all exhibits other than those used for impeachment alone, defense counsel advised that he disagreed.  Paired with defense counsel also advising that the defendant has no reciprocal discovery, this position means that the defendant has reserved the supposed right to— and apparently intends to—introduce exhibits for substantive purposes at trial *that the Government has never seen*.  That position has no basis in law, is unfair to the Government, and, if followed through upon, will invariably result in the delay and disruption of trial.

Rule 16(b)(1)(A) requires a defendant who has received Government discovery to permit the Government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial."  Fed. R. Crim. P. 16(b)(1)(A).  The term "case-in-chief" in this Rule has been interpreted not by timing—*i.e.*, not limited to evidence introduced after the Government rests—but by purpose.  For good reason.  "Where a defendant cross-examines a government witness to buttress her theory of the case, rather than to impeach the testimony given by the witness on direct examination, the cross-examination is properly seen as part of the defendant's case-in-chief."  *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017).  "This interpretation of Rule 16 has been adopted by almost every district court to consider the issue."  *Id.* (collecting cases); *see also United States v. Smothers*, 652 F. Supp. 3d 271, 308 (E.D.N.Y. 2023) (ordering production of non-impeachment cross-examination exhibits two days before a witness testifies, including exhibits used on cross during the government's case); *United States v. Daskal*, No. 21 Cr. 110 (NGG), 2023 WL 9424080, at *11 (E.D.N.Y. July 12, 2023) ("Materials . . . used to substantively challenge the elements of the charged offense rather than only discredit . . . must be disclosed under Rule 16(b)(1)(A)."); *United States v. Larkin*, No. 12 Cr. 319 (GWF), 2015 WL 4415506, at *5 (D. Nev. July 20, 2015); *United States v. Maxwell*, No. 20 Cr. 330 (AJN) (S.D.N.Y. August 10, 2022), Dkt. 745; *United States v. Holden*, No. 13 Cr. 00444, 2015 WL 1514569, at *4 (D. Or. Mar 19, 2015); *United States v. Aiyaswamy*, No. 15 Cr. 568 (LHK), 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017); *United States v. Huntress*, No. 13 Civ. 1995, 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015).

The defendant's position conflates two distinct categories: true impeachment materials— used solely to attack a witness's credibility—which are not subject to Rule 16(b) disclosure, and substantive cross-examination materials—used to affirmatively advance the defense theory of the case—which are.  That the defendant cannot necessarily predict with certainty which exhibits he will use until the Government presents its case does not alter his legal obligation.

Honorable Loretta A. Preska
March 19, 2026
Page 4

Indeed, defense counsel's apparent position—namely, that he need not disclose any cross-examination materials, ever—would swallow Rule 16(b)'s disclosure obligation entirely.  A defendant often chooses cross-examination exhibits in light of how a particular witness testifies, (or at least a defendant may so claim).  Permitting that consideration to excuse pretrial disclosure of substantive exhibits would allow a defendant to present much or all of his case before the Government rests while withholding the exhibits from the Government (and the Court) entirely. *See Napout*, 2017 WL 6375729, at *7; *Daskal*, 2023 WL 9424080, at *11.  That is precisely what Rule 16(b) is designed to prevent.  It is also inconsistent with what the Government understood the Court to have intended in ordering the production of exhibit lists on April 6 by both sides.

To be sure, the Government recognizes that some trial decisions are made in real time, and that the defendant, like the Government, may obtain or identify materials in the coming weeks. But that does not excuse the failure to disclose now those materials that the defendant presently is aware he intends to use substantively, much less the defendant taking the position that he will not include on his exhibit list—due only a week before trial—*any* exhibits he may use in cross-examination, no matter the purpose. *See generally Williams*, 399 U.S. at 82; *see also Wardius v. Oregon*, 412 U.S. 470, 473 (1973) (the "ends of justice" are served through pretrial disclosure that "gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial").

### III.    Conclusion

For the foregoing reasons, the Court should order the defendant to: (1) produce all materials obtained in response to Rule 17(c) subpoenas promptly upon receipt; and (2) disclose all exhibits he intends to introduce substantively at trial, including through cross-examination, and continue to so disclose as he obtains or identifies materials, consistent with his ongoing discovery obligations and the Court's order that the parties exchange exhibit lists on April 6.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States,
Acting under Authority Conferred
by 28 U.S.C. § 515

By :    s/_____
Adam Z. Margulies
Joseph Zabel
Rita Maxwell
Daniel C. Richenthal
Assistant United States Attorneys
(212) 637-2345/1559/2206/2109

cc:    (by Email and ECF)

Counsel of Record