

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 18, 2026

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: ***United States v. Jared Solomon***,
> **S2 24 Cr. 665 (LAP)**

Dear Judge Preska:

The Government respectfully submits this letter in further support of its motion for the Court to rule that the Government may offer certain of the defendant's proffer statements in its case-in-chief (Dkt. 78) and in response to the defendant's letter of yesterday in opposition (Dkt. 81).

The defendant's principal argument is that opening statements cannot trigger the proffer waiver because such statements are "not evidence." (Dkt. 81 at 2). That argument is a red herring. The Proffer Agreement expressly covers "any evidence *or arguments* offered by or on behalf of" the defendant. (Dkt. 78-1 at 2 (emphasis added)). The defendant's opening statement—which contained a number of supposedly factual assertions painting the defendant in an innocent light—squarely falls within this language.[1]

Precedent is in accord. In *United States v. Barrow*, 400 F.3d 109 (2d Cir. 2005), the Second Circuit held that "factual assertions made by a defendant's counsel in an opening argument or on cross-examination plainly fall within" the waiver's triggering language, and upheld admission of proffer statements to rebut opening statement assertions. *Id.* at 118. And in *United States v. Davila-Perez*, No. 19 Cr. 91 (S.D.N.Y. Oct. 30, 2025) (DLC), Judge Cote—applying a proffer agreement materially identical to the one here, covering "any evidence or arguments offered by or on behalf of" the defendant—granted a government motion in relevant part to admit proffer statements to rebut opening statement assertions, distinguishing between sufficiency arguments, *i.e.*, contentions as to what the Government may fail to prove, which do not open the door, and

---

[1] To the extent the defendant appears to argue that it would be better as a "policy" matter for his proffer agreement to have read differently (Dkt. 81 at 3), his view of what allegedly might be better policy is legally irrelevant. *Cf., e.g.*, *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 779 (2018) ("[T]his case presents a question of statutory interpretation, not a question of policy.").

Honorable Loretta A. Preska
April 18, 2026
Page 2

passages where "defense counsel made an affirmative factual representation," which do.  (19 Cr. 91, Dkt. 506 at 6).

The relevant portions of defense counsel's opening here did not constitute mere sufficiency arguments.  Instead, they were repeated, unqualified, affirmative factual assertions: there were "no fake companies," no fake leases, no fake broker agreements, no fake bank paperwork, no fake loan documents, no false signatures—all of it was "real."  *See, e.g.*, Tr. 33:15–17; 35:13–16; 34:17–18.  These are precisely the kind of categorical, unhedged representations that *Barrow* and *Davila-Perez* recognized as crossing the line into affirmative factual assertion.  And the defendant admitted in his proffer the opposite: Margoux Media was not a real company; he created a fake lease renewal; he signed broker agreements in other people's names; he fabricated a business certificate submitted to JPMorgan Chase; and he altered a bank statement for a mortgage application.  Thus, the opening directly contradicts at least parts of the proffer, and the latter is admissible to rebut the former.

Finally, without developing the argument, the defendant appears to suggest that even if otherwise admissible, his pertinent proffer statements should be precluded under Rule 403 because they would cause "prejudice" to him.  (Dkt. 81 at 3).  That suggestion is frivolous.  All evidence is prejudicial to the opposing party.  To be excluded, the prejudice must be "unfair."  *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982).  There is nothing unfair in the jury knowing that the defendant voluntarily admitted what he had done.  Nor is this argument of the defendant reconcilable with precedent.

Honorable Loretta A. Preska
April 18, 2026
Page 3

      For the reasons set forth in the Government's motions *in limine*, its letter filed on April 15, 2026, and above, the above-described proffer statements are admissible in the Government's case-in-chief.[2]

          Respectfully submitted,

          SEAN S. BUCKLEY
          Attorney for the United States,
          Acting under Authority Conferred
          by 28 U.S.C. § 515

By :   s/_____
          Adam Z. Margulies
          Joseph Zabel
          Rita Maxwell
          Daniel C. Richenthal
          Assistant United States Attorneys
          (212) 637-2345/1559/2206/2109

cc:    Counsel of Record (by ECF)

---

[2] The Government has not yet made a final decision as to whether and how it will ultimately offer the proffer statements, but nevertheless seeks a ruling to preserve flexibility—particularly to the extent the defense continues to suggest through cross-examination that certain documents and transactions at issue were genuine.