

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, NY 10278*

June 23, 2026

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:    *United States v. Jared Solomon*, S2 24 Cr. 665 (LAP)**

Dear Judge Preska:

The Government respectfully submits this letter in the above-captioned matter to request that the Court order the defense to file its response, if any, to the Government's May 13, 2026 forfeiture letter (the "Forfeiture Letter"), by June 24, 2026.

On May 13, 2026, the Government filed the Forfeiture Letter, requesting that the Court enter a proposed preliminary order of forfeiture ("POOF"), which included a money judgment and order forfeiting the defendant's interest in certain specific property. (Dkts. 86, 86-1.) Two days later, the defendant's then-counsel withdrew and this Court appointed new counsel to represent the defendant. (Dkts. 87-88.) On May 19, 2026, the Government re-produced the discovery, trial exhibits, and 3500 material to defense counsel, and conferred with defense counsel regarding the case, including the pending Forfeiture Letter. On Juny 8, 2026, the Government contacted defense counsel to inquire about the expected timing of its response to the Forfeiture Letter. Following subsequent communications with defense counsel, the Government understood that defense counsel expected to file a response by June 19, 2026, but no such response has been filed.

Accordingly, a scheduling order setting a prompt deadline is appropriate at this time. Such an order would facilitate the Court's resolution of the pending letter motion and is warranted in view of the lengthy duration of the motion's pendency (*i.e.*, nearly six weeks), the absence of any current indication from the defense as to the timing of its expected response, the straightforward application of the legal principles set forth in the Forfeiture Letter to the facts established at trial, and the legitimate interest of the Government and the victims in beginning the forfeiture process.[1]

---

[1] The Government understands from defense counsel that a response may not have been filed yet at least in part due to asserted "complexities" involving a potential third-party's interest in the two real properties referenced in the Forfeiture Letter. However, any interests of third parties are, pursuant to the settled law and standard procedure, a matter that is separate from the entry of the POOF, which simply forfeits the defendant's interests in the properties. Any third-party interests

For the above reasons, the Government respectfully requests that the Court order the defense to submit its response, if any, to the POOF, by June 24, 2026.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: s/_____
    Adam Z. Margulies / Rita K. Maxwell
    Joe Zabel / Daniel C. Richenthal
    Assistant United States Attorneys
    (212) 637-2345/1559/2206/2109

cc:    Anthony Cecutti, Esq., counsel for Jared Solomon (by ECF)

---

are not a basis for the defendant to contest the POOF—and even if they were somehow relevant, the defendant may raise any such arguments (or others) in its response to the Forfeiture Letter.