UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

- v. -

JARED SOLOMON,

Defendant.

---------------------------------- x

PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT

S2 24 Cr. 665 (LAP)

WHEREAS, on or about March 17, 2026, JARED SOLOMON (the "Defendant") was charged in a four-count Superseding Indictment, S2 24 Cr. 665 (LAP) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028(A)(b), and 2 (Count Two); and bank fraud, in violation of Title 18, United States Code, Section 1344 and 2 (Counts Three and Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and the following specific property:

a. The real property commonly described as 3 Beverly Road, Purchase, New York 10577, more particularly described as Lot 27 on Block 642 in Purchase, Town of Harrison, in Westchester County, as recorded on August 14, 2023, and associated with Document Control No. 630893323 and Title No. 9223ML-2023;

b. The real property commonly described as 23 East 74th Street, Apartment 8CDEG, New York, New York 10021, more particularly described as Lot 1001

on Block 1389 in the Borough of Manhattan, as recorded on August 12, 2020, and associated with Document ID 2020080300409001 (the "Cooperative Apartment 8CDEG Property"), and all shares allocated to the Cooperative Apartment 8CDEG Property, more particularly described as 1,051 shares of stock in the Volney Residences, Inc.;

c. All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 782295112, held in the name of Jared S. Solomon DBA Margoux Media, and all property traceable thereto;

d. All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 806495040, held in the name of Cobalt Advisors, and all property traceable thereto; and

e. All funds and other property on deposit at JPMorgan Chase Bank, N.A., account number 790136862, held in the name of Jared Solomon DBA Karpoff Affiliate, and all property traceable thereto

(a., through e., collectively, the "Indictment Property");

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts Three and Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Indictment and the particular Indictment Property described in subparagraphs b. and e. above (the "Bank Fraud Indictment Property"):

WHEREAS, on or about April 21, 2026, following a jury trial, the Defendant was found guilty of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that $9,514,915.85 in United States currency represents the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $9,514,915.85 in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government asserts the following property as property constituting, or derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment:

a. The Indictment Property;

b. 2024 Porsche Taycan, VIN WP0AA2Y1XRSA13157;

c. 2020 Porsche Macan, VIN WP1AA2A54LLB00367;

d. An Old Oaks Country Club membership held in the name of the Defendant at Old Oaks Country Club located at 3100 Purchase St, Purchase, NY 10577;

(a. through d., collectively, the "Specific Property");

WHEREAS, the Government further asserts the Bank Fraud Indictment Property as property also constituting, or derived from, proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, the Government further seeks the forfeiture of the Defendant's right, title and interest in the Specific Property, as property constituting, or derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Government further seeks the forfeiture of the Defendant's right, title and interest in the Bank Fraud Indictment Property, as property also constituting, or derived from, proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Three, and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $9,514,915.85 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One, Three, and Four of the Indictment, to which the Defendant was found guilty, following a jury trial, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for

disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JARED SOLOMON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

Loretta A. Preska
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

July 6, 2026
DATE