UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br>Plaintiff,<br>-against-<br>JARED SOLOMON,<br>Defendant. | 24-CR-665(LAP)<br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Currently pending before the Court are Defendant's motion to adjourn his sentencing and non-parties Vornado Realty Trust ("Vornado") and The Great American Insurance Company ("Great American") motions to quash the subpoenas authorized by the Court on October 16, 2026. (Dkt. nos. 112, 117, 120.)

The filings before the Court are extensive. They include Defendant's requests for adjournment (dkt. no. 112), the Government's responses (dkt. nos. 113, 116), Defendant's responses (dkt. nos. 115, 125), Vornado's motion to quash the subpoena served on it (dkt. nos. 117-119), and Vornado and Great American's joint motion to quash the subpoena served on Great American (dkt. nos. 120-122).

Defendant's letter responses address each category of records sought and each argument the movants raise, and the Court construes them as his opposition to the motions. Defendant has been fully

heard, as have all other interested parties, and no further briefing is necessary.

A Rule 17(c) subpoena is "not intended to provide a means of discovery." United States v. Nixon, 418 U.S. 683, 698 (1974). The party seeking production must show that the materials sought are relevant, admissible, and specifically identified. Id. at 699-700. The Court may quash a subpoena if compliance would be unreasonable or oppressive. See Fed. R. Crim. P. 17(c)(2).

Here, Defendant has not met the required standard for a variety of reasons. First, the trial evidence established the amount of the loss. Loss is the amount the victim was fraudulently induced to pay. See United States v. Turk, 626 F.3d 743, 748-51 (2d Cir. 2010). It has been established that Vornado paid $9,514,915.85 to companies Defendant controlled for services that were never performed. See dkts. no. 86 at 2-3, 96 at 4.

Second, the Guidelines calculate loss using the greater of actual or intended loss. See U.S.S.G. § 2B1.1(b)(2). The actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense." Id. at § 2B1.1(b)(1)(C). The loss amount for the purposes of Guidelines calculations need not be calculated with absolute precision. See United States v. Coppola, 671 F.3d 220, 250 (2d Cir. 2012). With respect to allocation of restitution, Defendant knows the amount owed to Vornado is around

$9,732,799.55 and, in any event, he can confirm it within the 90 days after sentencing allowed under 18 U.S.C. § 3664(d)(5).

Third, Defendant's requests rest on speculation and would impose a substantial burden on the victim and its insurer. Furthermore, Defendant's requests appear to be an attempt to obtain discovery for Defendant's civil litigation with Great American. See United States v. Leaver, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005).

Finally, Defendant has not been diligent. He objected to the loss calculation on August 11, 2026, yet did not request any records until September 28, 2026, and did not apply for subpoenas until mid-October.

Accordingly, the motions to quash the October 16, 2026, subpoenas to Vornado and Great American (dkt. nos. 117, 120) are GRANTED. Defendant's request to adjourn sentencing (dkt. no. 112) is DENIED. Defendant shall file his sentencing submission no later than November 2, 2026.

**SO ORDERED.**

Loretta A. Preska
___________________________________
LORETTA A. PRESKA
Senior United States District Judge

Dated: New York, New York
October 27, 2026